Harold Frank FULLER, Appellee,

v.

STATE of Iowa, DEPARTMENT OF TRANSPORTATION, Appellant.

Donald W. MURRAY, Appellee,

v.

IOWA DEPARTMENT OF TRANSPORTATION, MOTOR VEHICLE DIVISION, Appellant.

Nos. 61529, 61936.

Supreme Court of Iowa.

Feb. 21, 1979.

Thomas J. Miller, Atty. Gen., and Stuart D. Miller, Asst. Atty. Gen., for appellant.

Jerald W. Kinnamon, Cedar Rapids, and Lee H. Gaudineer, Jr., and Roger Kuhle, Des Moines, for appellees.

LeGRAND, Justice.

This appeal involves two actions for judicial review of orders of the Department of Transportation suspending the driving privileges of Harold Frank Fuller and Donald W. Murray. One case was tried in Linn District Court and one in Polk District Court. In each case the order of suspension was reversed, and in each case the Department of Transportation appealed. The cases were consolidated for appeal. We affirm the trial court in each case.

The issue to be decided is whether *State v. Vietor*, 261 N.W.2d 828 (Iowa 1978) requires the state to permit arrested persons, upon request, the right to consult counsel before insisting they decide whether to submit to a chemical test under the provisions of § 321B.3, The Code.

The state argues that *State v. Vietor* is applicable only to criminal proceedings. While this is literally true, it misses the point. The rationale of *Vietor* was that a defendant could not be required to make his election until he had consulted counsel. Therefore, if a defendant is denied this statutory right on request, he cannot be held to have refused a chemical test.

In *Vietor* we said:

"When a person arrested for operating a motor vehicle while under the influence of an alcoholic beverage asks to call his lawyer, he shall be afforded a right to do so under § 755.17 *before being required to elect whether he shall submit to a chemical test.*" (Emphasis added.)

If there was no refusal, the premise upon which the state may revoke a license under § 321B.7 is missing. In the present case, each defendant asked to talk to his attorney before electing to take or refuse a chemical test. After doing so, each agreed to take a test. However, the state each time refused to administer one because of the prior "refusal." In each case the test could have still been given within the two-hour statutory limitation set by § 321B.3.

We hold that neither defendant refused to take a chemical test. Therefore, the suspensions were improper and the trial court in each instance was correct in so ruling.

Both judgments are affirmed.

AFFIRMED.

All Justices concur.