Kenneth L. FERGUSON, Appellant,

v.

STATE of Iowa, DEPARTMENT OF TRANSPORTATION, MOTOR VEHICLE DIVISION, Appellee.

No. 87–487.

Supreme Court of Iowa.

June 15, 1988.

Richard A. Bartolomei and Denise S. Lange, Des Moines, for appellant.

Thomas J. Miller, Atty. Gen. and Mark Hunacek, Asst. Atty. Gen., for appellee.

Considered by McGIVERIN, C.J., and LARSON, SCHULTZ, LAVORATO, and ANDREASEN, JJ.

ANDREASEN, Justice.

The Department of Transportation (DOT) revoked petitioner's driver's license for refusal to submit to chemical analysis under Iowa's implied consent statute. We affirm the district court ruling upholding the agency's action.

### I. *Scope of Review.*

Our review of the DOT decision is governed by the Iowa Administrative Procedure Act. *Downing v. Iowa Dep't of Transp.*, 415 N.W.2d 625, 627 (Iowa 1987); Iowa Code §§ 321J.14, 17A.20 (1987). The burden is on the petitioner to demonstrate compliance with all lawful requirements for the retention of the license. *McCrea v. Iowa Dep't of Transp.*, 336 N.W.2d 427, 429 (Iowa 1983). If, after applying the standards of Iowa Code section 17A.19(8) to the agency action, our conclusion is the same as that of the district court, we will affirm. If we disagree with the district court's conclusions, reversal may be required. *See Downing*, 415 N.W.2d at 627.

### II. *Background Facts.*

The petitioner, Kenneth L. Ferguson, was arrested at 11:45 p.m. on March 22, 1986, for operating a motor vehicle while under the influence of alcohol (OWI) in violation of Iowa Code section 321.281 (1985).[1] Ferguson was transported to the Polk County jail, where he was booked at approximately 12:15 a.m. on March 23, 1986. On the way to jail, Ferguson advised the arresting officer, Trooper Black, that he "wasn't doing or saying anything until my lawyer got there and I talk to him." Upon arrival at the jail, Ferguson was given an opportunity to make a phone call. He did not call his lawyer but instead called Ms. Karen Cupples. Cupples then called the home of Ferguson's attorney, Mr. Bartolomei, and was informed that Bartolomei would be coming to the jail.

While Ferguson was being booked, Officer Black was completing his paper work in another room. After finishing his paper work, he reviewed the telephone log book and observed that two entries had been made. One entry listed "no attorney call" with Ferguson's signature behind it. The second entry was the telephone call to Ms. Cupples. After reviewing the telephone log book, Trooper Black asked Ferguson if he wanted to call an attorney. Ferguson replied with words to the effect, "that had already been taken care of." Officer Black then read the implied consent advisory on the back of the form, asked Ferguson if he understood it, and offered him an opportunity to read it. When asked if he would consent or refuse the test, Ferguson said he refused to do anything. He was given the implied consent form and signed the form showing his refusal to withdraw a specimen as requested at 12:31 a.m. Ferguson did not advise Officer Black that he was expecting an attorney to come to the jail. Neither Officer Black nor Ferguson had been told that Bartolomei was coming to the jail.

Bartolomei arrived at the jail between 12:40 and 12:50 a.m. The desk sergeant told Bartolomei that he believed Ferguson had submitted to urinalysis. Bartolomei then arranged for Ferguson to be released to his custody. After he was released from jail, Ferguson told Bartolomei that he had refused to submit to testing. It was then too late to return to the jail to submit to a chemical test within the statutory time period.

---

1. Iowa Code section 321.281 (1985) is currently codified in Iowa Code section 321J.2 (1987).

### III. Statutory Right to Communicate with Counsel.

■ Iowa Code section 804.20 (1987) provides an arrested person with a statutory right to contact and confer with an attorney. In *State v. Vietor*, 261 N.W.2d 828 (Iowa 1978) we held a person arrested for OWI had a limited statutory right to counsel before being required to submit to or refuse a chemical test. We acknowledged that ordinarily the statutory right to counsel would be satisfied if the arrestee was allowed to make a phone call to his lawyer. *Id.* at 831–32. The limited statutory right to counsel is applicable to civil proceedings to revoke a motorist's license under our implied consent statute. *Fuller v. State of Iowa, Department of Transp.*, 275 N.W.2d 410, 411 (Iowa 1979).

### IV. Refusal to Submit to a Chemical Test.

Our implied consent statute is currently found in Iowa Code chapter 321J (1987). Under its provisions, if a person refuses to submit to chemical testing, the department shall revoke the person's motor vehicle license.[2] We have held that anything less than an unqualified, unequivocal consent is a refusal. *See Swenumson v. Iowa Dep't of Public Safety*, 210 N.W.2d 660 (Iowa 1973) (attempt to stall test until attorney is consulted held to be a refusal); *see also McCrea v. Iowa Dep't of Transp.*, 336 N.W.2d 427 (Iowa 1983) (arrestee's failure to provide specimen after giving verbal consent held to be a refusal); *Taylor v. Iowa Dep't of Transp.*, 260 N.W.2d 521 (Iowa 1977) (lack of cooperation held a refusal); *Morgan v. Iowa Dep't of Public Safety*, 227 N.W.2d 155 (Iowa 1975) (consent to blood test at hospital of arrestee's choice held a refusal).

### V. Analysis.

In *Vietor*, this court addressed the conflict between the implied consent statute and the statutory right to counsel in a criminal context. We articulated three standards which reflect the proper interpretation of law.

1. When a person arrested for operating a motor vehicle while under the influence of an alcoholic beverage asks to call his lawyer, he shall be afforded a right to do so under § 755.17 before being required to elect whether he shall submit to a chemical test.[3]

2. If he is denied that opportunity, evidence of his refusal to take chemical test shall be inadmissible at a later criminal trial.

3. His right to prior consultation with an attorney is limited to circumstances when that course will not materially interfere with the taking of a test within the time specified in § 321.B.3.

*Vietor*, 261 N.W.2d at 832 (footnote added); *see also Fuller v. State of Iowa, Department of Transp.*, 275 N.W.2d 410, 411 (Iowa 1979) (applies standards of *Vietor* to DOT license revocation hearings).

### VI. Conclusion.

■ We objectively consider the statements and conduct of the arrestee and peace officer, as well as the surrounding circumstances, in determining if an arrestee has refused to submit to a chemical test. These same objective considerations are used in determining if a good faith request for counsel has been made by the arrestee and if the exercise of that right will unreasonably delay or materially interfere with the taking of the chemical test within the statutory time period.

There is substantial evidence to support the agency finding that Ferguson was not denied his right to counsel. Although Ferguson stated he would not do anything until he talked to his lawyer, when given the opportunity to call his lawyer, he chose to call Cupples. When Officer Black gave him a second chance to call and confer with an attorney prior to invoking implied consent, Ferguson's response was ambiguous.

---

2. At the time of the arrest, Iowa Code section 321B.4(2) (1985) applied. This section is now located at Iowa Code sections 321J.6–.9 (1987).

3. At the time of *Vietor*, the statutory right to counsel was found at Iowa Code section 755.17. The statutory right to counsel is now located at Iowa Code section 804.20 (1987).

Under these circumstances it was reasonable for Officer Black to invoke implied consent. We hold the trial court correctly upheld the agency's revocation of Ferguson's driver's license.

AFFIRMED.