**Stanley Osa BANKSON,
Petitioner–Appellant,**

v.

**IOWA DEPARTMENT OF TRANSPOR-
TATION, MOTOR VEHICLE
DIVISION, Respondent–Appellee.**

**No. 88–787.**

Court of Appeals of Iowa.

May 23, 1989.

Daniel J. Jay of Drake, Wilson & Jay, Centerville, for petitioner-appellant.

Thomas J. Miller, Atty. Gen., and Ted Metier, Asst. Atty. Gen., for respondent-appellee.

Considered by SCHLEGEL, P.J., and HAYDEN and HABHAB, JJ.

HABHAB, Judge.

Petitioner-appellant Stanley Osa Bankson appeals the district court's decision which affirmed the decision of respondent-appellee, the Iowa Department of Transportation (DOT), that a magistrate's dismissal of driving while intoxicated charges did not require reversal of petitioner's driver's license revocation under Iowa Code section 321J.13(4) (1987).

*Scope of Review*

The scope of judicial review of agency decisions was recently summarized as follows:

Our review of the DOT decision is governed by the Iowa Administrative Procedure Act. Iowa Code §§ 321J.14, 17A.20

(1987). The burden is on the petitioner to demonstrate compliance with all lawful requirements for the retention of the license. If, after applying the standards of Iowa Code section 17A.19(8) to the agency action, our conclusion is the same as that of the district court, we will affirm. If we disagree with the district court's conclusions, reversal may be required. (citations omitted)

*Ferguson v. Dept. of Transp. M.V.D.*, 424 N.W.2d 464, 465 (Iowa 1988).

## Background Facts

At approximately 2:00 A.M. on June 8, 1987, Sergeant Moore stopped petitioner's car, having observed the petitioner "squealing his tires." After detecting an odor of alcohol on the petitioner, the sergeant requested help from Officer Swanson, who was qualified to administer field sobriety tests, including the horizontal gaze and nystagmus test. Officer Swanson also observed an odor of alcohol and noted petitioner's bloodshot eyes. Petitioner failed the horizontal gaze and nystagmus test. He was given a preliminary breath screening test which had a result greater than .10. Petitioner admitted he had a couple of drinks that evening. Officer Swanson then placed petitioner under arrest for OWI at 2:32 A.M. He searched petitioner's vehicle and found seven seeds which he concluded were marijuana seeds.

At the police station, petitioner consented to take a breath test. After numerous tries, a proper sample was obtained and the result was .087. Pursuant to Iowa Code section 321J.6(3) (1987), Officer Swanson requested a urine sample based on his belief petitioner was under the influence of a drug other than alcohol or a combination of the two. This request was made at 3:51 A.M. Petitioner verbally consented to give the sample. Petitioner failed to produce a urine sample, although given until 4:32 A.M. to do so. Officer Swanson deemed this a refusal to submit to the test requested and revoked petitioner's license pursuant to Iowa Code section 321J.9 (1987).

On June 19, 1987, the magistrate made the following ruling on petitioner's motion to dismiss his OWI charge:

The Court finds that the Complaint and Affidavit fails to establish an adequate factual basis to support the charge of OWI–1st Offense. Further, the requisite elements are not identified or addressed in the Complaint and Affidavit.

THEREFORE, IT IS HEREBY ORDERED that the charge of OWI, 1st Offense, be dismissed against Defendant, Stanley Osa Bankson....

Petitioner then requested and received a hearing to determine whether this dismissal entitled him to a rescission of his license revocation under Iowa Code section 321J.13(4) (1987), which states in pertinent part:

4. A person whose motor vehicle license or operating privilege has been or is being revoked under section 321J.9 or 321J.12 may reopen a department hearing on the revocation ... if the person submits a petition stating that a criminal action on a charge of a violation of section 321J.2 filed as a result of the same circumstances which resulted in the revocation has resulted in a decision *in which the court has held that the peace officer did not have reasonable grounds to believe that a violation of section 321J.2 had occurred to support a request for or to administer a chemical test or which has held the chemical test to be otherwise inadmissible or invalid.* Such a decision by the court is binding on the department and the department shall rescind the revocation. (emphasis supplied)

The DOT hearing and reviewing officers concluded as a matter of law the language in the magistrate's ruling did not fulfill the requirements of this section; and that Officer Swanson had reasonable grounds to request the urine specimen, having discovered what he believed to be marijuana seeds in petitioner's vehicle. The agency also concluded petitioner failed to carry the burden in proving his failure to produce the urine specimen should not be considered a refusal to submit to chemical testing.

On judicial review, the district court affirmed the agency's decision. Petitioner appeals contending: (1) the magistrate's dismissal of his OWI charges makes Iowa Code section 321J.13(4) applicable to his case and requires the reinstatement of his driving privileges; (2) Officer Swanson did not have reasonable grounds to request the urine specimen; and (3) his failure to produce a urine specimen was not a refusal to submit to chemical testing and cannot provide the basis for rescinding his license under section 321J.9 (1987).

Because we reach the same conclusions when applying the law to the facts in this case, we affirm the district court.

### Magistrate's Ruling

The magistrate's ruling reveals the OWI complaint and affidavit did not state an adequate factual basis to support the charge or address the requisite elements. Having reviewed the particular language in Iowa Code section 321J.13(4) cited above, it is clear this is not the type of finding contemplated by the legislature to provide a basis for reinstating petitioner's driving privileges. The ruling makes no mention of a finding that Officer Swanson did not have reasonable grounds to request a breath or urine sample, nor does the ruling declare the chemical test to be inadmissible or invalid.

The part of the section we make reference to essentially requires the Department of Transportation to rescind a revocation under section 321J.9 or section 321J.2 upon the occurrence of one of the following two events:

1. If a court has held that the police officer who made the arrest did not have reasonable grounds to believe that a violation of section 321J.2 has occurred to support a request for or to administer a chemical test; or

2. If the court has held the chemical test to be otherwise inadmissible or invalid.

The defendant urges that it was the legislative intent when adopting this section to rescind a revocation under the circumstances here. We think not. This section is a part of Chapter 321J. It applies only to persons whose license or operating privileges have been revoked or are being revoked under sections 321J.9 and 321J.12.

Section 321J.9 provides in pertinent part:

If a person refuses to submit to the chemical testing, a test shall not be given, but the department, upon the receipt of the peace officer's certification, ..., that the officer had reasonable grounds to believe the person to have been operating a motor vehicle in violation of section 321J.2, that specified conditions existed for chemical testing pursuant to section 321J.6, and that the person refused to submit to the chemical testing, shall revoke the person's motor vehicle license....

Section 321J.12, in part, provides:

Upon certification, ..., by the peace officer that there existed reasonable grounds to believe that the person had been operating a motor vehicle in violation of section 321J.2, that there existed one or more of the necessary conditions for chemical testing described in section 321J.6, subsection 1, and that the person submitted to chemical testing and the test results indicated an alcohol concentration as defined in section 321J.1 of .10 or more, the department shall revoke the person's motor vehicle license....

Section 321J.9 provides for revocation if a person declines a chemical test and section 321J.12 provides for revocation if a person submits to a chemical test and the test results indicate an alcohol concentration of .10 or more. Before either section can be relied on for revocation purposes, each requires a certification from the police officer that there "existed reasonable grounds to believe that the person had been operating a motor vehicle in violation of 321J.2...."

■ Each of the events relative to rescission of the revocation of license under section 321J.13(4) concern the chemical test. If the court holds the chemical test invalid or inadmissible or if there is a failure under the "reasonable grounds" test, section 321J.13(4) may be employed. But

the court order relied on does not dismiss this action on either of those grounds. We are unable to read into the statute something that clearly was not intended. The plaintiff is not entitled to the rescission of the revocation order under the circumstances here anymore than if the matter proceeded to trial and a jury returned a not guilty verdict or the trial judge sustained a motion for judgment of acquittal after the close of the State's evidence. We agree with the decisions of the trial court that this ruling did not require rescission of petitioner's license revocation under Iowa Code section 321J.13(4) (1987).

### Urine Specimen

 The district court found Officer Swanson, under section 321J.6(3), had reasonable grounds to request the second specimen. We agree.

Iowa Code § 321J.6(3) (1987) states·

3. Notwithstanding subsection 2, if the peace officer has reasonable grounds to believe that the person was under the influence of a drug other than alcohol or a combination of alcohol and another drug, a urine test may be required even after a blood or breath test has been administered. Section 321J.9 applies to a refusal to submit to a chemical test of urine requested under this subsection.

This section makes no requirement that additional reasons for the second specimen request must arise *after* the first specimen is given. Officer Swanson had reasonable grounds to believe petitioner was under the influence of alcohol or a combination of alcohol and marijuana after he found the seeds. He chose to request a breath specimen. The officer testified petitioner was unable to give an adequate sample for the intoxilyzer to lock in several times. An adequate breath sample was obtained approximately fifty minutes after the sample was requested. We find Officer Swanson's second request for a urine specimen reasonable under all the facts of this case.

### Refusal to Submit to Testing

 Petitioner finally contends he did carry his burden to prove his inability to provide the urine specimen did not constitute a refusal to submit to chemical testing. A similar argument was made in *McCrea v. Iowa Dep't of Transp.*, 336 N.W.2d 427 (Iowa 1983). In that case, the court held McCrea could not satisfy his burden merely by testifying he (1) verbally consented to the test and signed the form, and (2) went through the motions of attempting to provide a specimen. *Id.* at 430. Testimony of a subjective intention to comply with officer's request was insufficient. *Id.* In this case, petitioner was given approximately forty minutes to provide the urine specimen. He had not urinated at any time prior to the request since his arrest. Compliance with the code section dealing with refusals to submit to testing is a question of fact for the agency fact finder. *McCrea*, at 430. When the record is viewed as a whole, there is substantial evidence to support the DOT's finding petitioner's conduct was properly deemed a refusal to submit under Iowa Code section 321J.9 (1987). The district court's decision affirming the DOT's decision is affirmed.

AFFIRMED.