Michael Edward SHORT, Jr.,
Petitioner–Appellee,

v.

IOWA DEPARTMENT OF TRANSPOR-
TATION, MOTOR VEHICLE
DIVISION, Respondent–Appellant.

No. 88–1888.

Court of Appeals of Iowa.

Aug. 23, 1989.

Thomas J. Miller, Atty. Gen., and Caro-
lyn J. Olson, Asst. Atty. Gen., for respon-
dent-appellant.

Joel W. Bittner of Bittner & Gault, Des
Moines, for petitioner-appellee.

Considered by OXBERGER, C.J., and
HAYDEN and HABHAB, JJ.

HAYDEN, Judge.

Respondent Iowa Department of Trans-
portation appeals the decision of the dis-
trict court which overturned respondent's
revocation of petitioner's driver's license.

Petitioner Michael Edward Short, Jr.,
was involved in a motor vehicle accident at
approximately 12:19 a.m. on December 5,
1987. At approximately 12:50 a.m. a pre-
liminary breath screening test was adminis-
tered to Mr. Short after he failed field
sobriety tests. The breath test indicated
an alcohol concentration of .10 or more.
Mr. Short was then arrested for violation
of Iowa Code section 321J.2 by Deputy
Stout and taken into custody.

At the Polk County Jail, Mr. Short, ac-
companied by Deputy Stout, was taken into
the restroom where he washed his face and
rinsed his mouth. Deputy Stout waited

fifteen minutes prior to administering a breath test. Mr. Short requested to speak to an attorney and was allowed a phone call. Defendant placed a call to Pat Wahlert at his home in Winterset and asked her to contact his lawyer, Joel Bittner, and have him come to the jail.

After the phone call, Deputy Stout requested a breath sample. Mr. Short said he wouldn't do anything until his attorney arrived. Deputy Stout told Mr. Short an attorney was not allowed in the secured area of the jail and thus, Short wouldn't be able to talk with his attorney in person, but Mr. Short could consult with him on the telephone. Mr. Short declined to telephone his attorney. He told the deputy he had already called his attorney and he was going to come down to the jail. Mr. Short told Deputy Stout he would wait until his attorney arrived to decide whether or not to take the test.

Deputy Stout treated Mr. Short's decision to wait until he could personally talk to his attorney as a refusal to submit to chemical testing. He instituted implied consent procedures, in spite of the fact that at least forty-five minutes remained of the statutory two-hour period for chemical testing.

Mr. Bittner phoned the Polk County Jail a few minutes after 2:00 a.m. to confirm his client's arrest and was told Mr. Short had already refused to submit to chemical testing. Because of this, Mr. Bittner, who lived only five minutes from the jail and could have gotten there well within the two-hour period, did not make the trip to the jail.

The Iowa Department of Transportation (DOT) revoked Mr. Short's driver's license. The district court overturned the revocation. The court concluded there was not substantial evidence to support the agency's finding Mr. Short refused to submit to a test. The court noted a person arrested for OWI has a limited right to a private consultation with an attorney. Also, Mr. Short was cooperative except for his assertion of this right. The district court determined defendant could, in fact, have consulted with counsel within the two-hour statutory period.

The DOT has appealed the district court order overturning the revocation. The DOT contends there was substantial evidence Mr. Short was afforded a reasonable opportunity to consult with counsel before invocation of the implied consent procedures and Mr. Short's actions were tantamount to a refusal to submit to chemical testing.

This case arises out of the Iowa Administrative Procedure Act, therefore our scope of review is limited to the correction of errors of law. Iowa Code § 17A.20; *Carpenter v. Iowa Department of Job Service,* 401 N.W.2d 242, 244 (Iowa App.1986). (All references to Iowa Code are to 1987 Code.) In reviewing the district court's decision, we are concerned with whether the district court correctly applied the law. That determination is made by applying the standard of section 17A.19(8) to the agency decision to determine if this court's conclusions are the same as those of the district court. *Carpenter,* 401 N.W.2d at 244 (quoting *Jackson County Public Hospital v. Public Employment Relations Board,* 280 N.W.2d 426, 429–30 (Iowa 1979). If so, we will affirm. *Ferguson v. State Dep't of Transportation,* 424 N.W.2d 464, 465 (Iowa 1988). If our conclusions are not in agreement with those of the district court, we may be required to reverse. *Id.*

We, like the district court, are bound by the agency's fact findings if those findings are supported by substantial evidence. Evidence is substantial if a reasonable person would find it adequate for reaching a decision. *Peoples Memorial Hospital v. Iowa Civil Rights Comm'n,* 322 N.W.2d 87, 91 (Iowa 1982).

I. The DOT contends there is substantial evidence to support the agency decision Mr. Short was afforded a reasonable opportunity to consult with counsel prior to the invocation of the implied consent procedures.[1]

---

1. Iowa Code section 321J.8 provides that a person who has been requested to submit to a

chemical test shall be advised by a peace officer

Iowa Code section 17A.19(8)(f) provides for relief from agency action in a contested case if substantial rights of the petitioner have been prejudiced because the action is unsupported by substantial evidence when the record is viewed as a whole. Substantial evidence is evidence which a reasonable person would find adequate to reach the given conclusion. *Meads v. Iowa Department of Social Services*, 366 N.W.2d 555, 558 (Iowa 1985); *Office of Consumer Advocate v. Iowa State Commerce Comm'n*, 432 N.W.2d 148, 154 (Iowa 1988). The possibility of drawing two inconsistent conclusions from the evidence does not mean the agency's findings are not supported by substantial evidence. *Meads v. Iowa Dep't of Social Services*, 366 N.W.2d at 558.

The question for our determination on appeal is whether there is substantial evidence in the record viewed as a whole to support the agency's decision.

 A person arrested for OWI has a limited statutory right to counsel before being required to submit or refuse a chemical test. *State v. Vietor*, 261 N.W.2d 828 (Iowa 1978). The right to counsel is limited to situations which will not materially interfere with the taking of a test within the time specified in the implied consent statute (321J). *Id.* at 832. This right to counsel is usually satisfied by allowing the arrested individual to make a telephone call. *Ferguson v. Iowa Dep't of Transportation, Motor Vehicle Div.*, 424 N.W.2d 464, 466 (Iowa 1988), citing *State v. Vietor*, 261 N.W.2d at 831–32. However, neither Vietor nor subsequent cases have limited the right to only a telephone call.

Vietor explains the rationale for this limitation on the right to counsel:

An arrested person should not be allowed to sabotage the purpose of Chapter 321B [321J.8] by delay. His right to consult a lawyer must be exercised within a period which will still permit a test to be taken. If counsel is not available within that time, the right is lost.

*Id.* at 831.

of, inter alia, the fact a refusal to submit to the

In the instant case, Deputy Stout instituted implied consent procedures at least forty-five minutes before the termination of the two-hour period for chemical testing. Mr. Short was given the preliminary breath test at 12:50 a.m., which commences the running of the two-hour period. Iowa Code § 321J.6(2). He placed the phone call to Pat Wahlert and requested her to contact his lawyer at 1:53 a.m. Joel Bittner, his attorney, called the Polk County Jail sometime after 2:05 a.m. Mr. Bittner lives only five minutes from the jail and could have reached Mr. Short within the two-hour period.

The DOT relies on *Ferguson v. Iowa Dep't of Transportation*, 424 N.W.2d 464 (Iowa 1988), to support their contention an individual arrested for OWI is not entitled to the entire two-hour period to talk to their attorney in person. The essence of the *Ferguson* decision, however, is Mr. Ferguson's actions constituted a de facto refusal because of lack of cooperation. Mr. Ferguson was arrested for operating a motor vehicle under the influence of alcohol (OWI). *Id.* at 465. He refused, both on the way to jail and at the facility, to do or say anything until his lawyer arrived. Although Mr. Ferguson placed a call to a friend asking her to contact his lawyer, he never told the police officer he was expecting an attorney. The police department telephone log showed one entry—signed by Mr. Ferguson which read "no attorney called" and a second entry of the call to his friend. *Id.*

 The court concluded it was reasonable for the officer to invoke implied consent. "We objectively consider the statement and conduct of the arrestee and the peace officer, as well as the surrounding circumstances, in determining if an arrestee has refused to submit to a chemical test." *Id.* at 466.

In *Fuller v. State Dep't of Transportation*, 275 N.W.2d 410, 411 (Iowa 1979), the court reasoned that absent a refusal to submit to a chemical test, the State has no basis for revoking a license under Iowa Code section 321B.7 (now 321J). In *Fuller*,

test will result in license revocation.

each defendant asked to speak to his attorney prior to deciding whether or not to submit to a test. After doing so, each acquiesced to the test. *Id.* at 411. The State declined to administer the test because the individuals had already "refused," in spite of the fact that in each case the test could have been conducted within the two-hour period. The supreme court upheld the district court's reversal of the defendants' license revocation because "neither defendant refused to take a chemical test." *Id.*

■■■■ We agree with the district court that it is the time period for administering the test which defines the limitations on an individual's right to consult with his attorney before deciding whether to submit to a test or refuse to do so. Mr. Short was not afforded a reasonable opportunity to consult with his attorney.

II. The next issue to be decided is whether there is substantial evidence in the record as a whole to support the agency's conclusion Mr. Short refused to submit to a test.

■■ The standard of review we are to apply regarding agency findings involving refusal to submit to chemical testing when under arrest for OWI is found in *McCrea v. Iowa Dep't of Transportation,* 336 N.W.2d 427 (Iowa 1983). "[I]t is not enough, as McCrea contends, that his subjective intentions were to comply with the officer's request. The determination of compliance must be based on objective standards: '[t]he licensee's words, acts, overall conduct and other manifestations of a willingness or unwillingness to take the [chemical] test will be considered.'" *Id.* at 430, quoting *Hoban v. Rice,* 25 Ohio St.2d 111, 117, 267 N.E.2d 311, 315 (1971).

■■ When we apply objective standards to Mr. Short's behavior, his words as well as his overall conduct, we do not believe the record, when viewed as a whole, contains evidence sufficient to support the DOT's finding Mr. Short refused to submit to chemical testing.

Deputy Stout requested Mr. Short submit to the breath test at 2:05 a.m. at which time Mr. Short told the officer his attorney had been called and was going to come down to the jail. Mr. Short said he wanted to talk to his attorney in person prior to deciding whether or not to take the test. Deputy Stout treated this as a refusal, when at least forty-five minutes remained of the statutory two-hour period.

In *Ferguson v. Iowa Dep't of Transportation,* 424 N.W.2d at 464, 466, the supreme court stated:

> [T]hese same objective considerations are used in determining if a good faith request for counsel has been made by the arrestee and if the exercise of that right will unreasonably delay or materially interfere with the taking of the chemical test within the statutory time period.

The State relies on several cases in which the court holds that noncooperation is a refusal. E.g., *Ferguson v. Iowa Dep't of Transportation,* 424 N.W.2d at 464 (motorist wouldn't do anything until he talked with attorney but placed call to someone else); *McCrea v. Iowa Dep't of Transportation,* 336 N.W.2d 427 (Iowa 1983) (licensee unable to provide urine sample after several attempts despite verbal consent). These cases are distinguishable from the instant case because the individual's behavior is obstructive and uncooperative while there is no evidence to indicate Mr. Short was uncooperative or displayed evidence of misconduct.

These cases should not be read so broadly as to stand for the proposition that an individual arrested for OWI, who promptly has an attorney contacted and wants to confer with that attorney in person will be considered to have refused to submit to testing.

We agree with the district court Mr. Short's request to consult with his attorney in person was a good faith exercise of his right to counsel. Here, defendant's request for an attorney did not constitute a refusal to submit to a chemical test.

AFFIRMED.