Michael HAUN,
Appellee/Cross–Appellant,

v.

Al CRYSTAL, as Director of Motor Vehicle Division of the Iowa Department of Transportation, and the Iowa Department of Transportation, Appellants/Cross–Appellees.

No. 89–1587.

Court of Appeals of Iowa.

Aug. 30, 1990.

Thomas J. Miller, Atty. Gen., Charles Krogmeier, Deputy Atty. Gen., and Carolyn J. Olson, Asst. Atty. Gen., for appellants/cross-appellees.

Larry F. Woods, Oelwein, for appellee/cross-appellant.

Considered by OXBERGER, C.J., and SACKETT and HABHAB, JJ.

HABHAB, Judge.

Appellant Iowa Department of Transportation (DOT) appeals the decision of the district court which overturned appellant's revocation of appellee's driver's license. We affirm.

On December 6, 1988, at approximately 5:30 p.m., appellee Michael Haun was stopped for speeding by Hazelton Police Officer Monte Barker. Based upon his observations, Officer Barker requested appellee to perform three field sobriety tests. Appellee's performance in each of these tests was deemed to be failing. Officer Barker then requested appellee submit to a preliminary breath screening test, but appellee refused. Appellee was thereupon placed under arrest and taken to the Buchanan County Law Enforcement Center in Independence, Iowa. The time of appellee's arrest was 5:58 p.m.

At the law center, Officer Barker requested appellee submit to a breath test. Appellee consented and provided a breath specimen at 6:22 p.m. The results of the test indicated appellee had a blood-alcohol level of .065 percent. Suspecting that appellee was under the influence of a combination of alcohol and drugs, Officer Barker requested appellee submit a urine sample. At this juncture, the appellee asked to speak with his attorney. Appellee called his mother, who in turn contacted Attorney Larry Woods at Woods' mother's house. Woods then called appellee at the law enforcement center at approximately 6:55 p.m. Woods advised appellee he wanted to check into it and get back to him. Following appellee's initial conversation with Woods, Officer Barker renewed his request for a urine specimen. Appellee told Officer Barker that his attorney was going to call him back, and he did not want to make a decision until then. Officer Barker declined to wait any longer and determined appellee had constructively refused to provide a urine sample. Woods called back to the law enforcement center at 7:08 p.m., but by that time Officer Barker had left the area.

The DOT subsequently revoked appellee's driver's license for refusal to submit to chemical testing. The district court reversed the revocation, determining that appellee had been denied his limited right to consult an attorney prior to deciding whether to submit to chemical testing. The DOT has appealed the district court's decision reversing the revocation. The DOT contends there is substantial evidence to support the agency's decision that appellee was afforded a reasonable opportunity to consult with counsel prior to invocation of the implied consent procedures.

■ Because this case is governed by the Iowa Administrative Procedure Act, our review is limited to the correction of errors at law. *Short v. Iowa Dep't of Transp.*, 447 N.W.2d 576, 577 (Iowa App. 1989). As we explained in *Short:*

> In reviewing the district court's decision, we are concerned with whether the district court correctly applied the law. That determination is made by applying the standard of section 17A.19(8) to the agency decision to determine if this court's conclusions are the same as those of the district court. If so, we will affirm. If our conclusions are not in agreement with those of the district court, we may be required to reverse.

*Id.* (citations omitted).

■ In *State v. Vietor*, 261 N.W.2d 828, 831 (Iowa 1978), the Iowa Supreme Court held a person arrested for OWI has a limited statutory right to counsel prior to being required to submit or refuse a chemical

test. *See Ferguson v. State of Iowa, Dep't of Transp.*, 424 N.W.2d 464, 466 (Iowa 1988). The statutory right to counsel is applicable to civil revocation proceedings under Iowa's implied consent law. *See id.; Fuller v. State of Iowa, Dep't of Transp.*, 275 N.W.2d 410, 411 (Iowa 1979). This right, however, is limited to those circumstances which will not materially interfere with the taking of the test within the time specified in Iowa Code section 321J.6(2) and is ordinarily satisfied if the arrestee is permitted to make a phone call to his or her attorney.

■ Upon review of the record, we agree with the district court that appellee was denied a reasonable opportunity to consult with his attorney. Appellee's attorney called the law enforcement center at approximately 6:55 p.m., over one hour before the termination of the two-hour period specified in section 321J.6(2). Immediately after this call, appellee informed Officer Barker that appellee's attorney would be calling again. As such, Officer Barker was effectively put on notice that appellee desired further communications with his attorney and was expecting another phone call from his attorney. Officer Barker, however, instituted implied consent proceedings despite the fact that close to one hour remained in the two-hour period. Appellee's attorney did in fact call at 7:08 p.m., approximately ten minutes after his initial call, and fifty minutes before expiration of the time period for testing.

As we noted in *Short,* "neither *Vietor* nor subsequent cases have limited the right to only a telephone call." *Short,* 447 N.W.2d at 578. Similarly, we do not believe an arrestee's limited right to counsel is so circumscribed that a single phone conversation with counsel is all which is permitted. The rationale for the limitation on the right to counsel was explained in *Vietor:*

> An arrested person should not be allowed to sabotage the purpose of Chapter [321J] by delay. His right to consult a lawyer must be exercised within a period which will still permit a test to be taken.

If counsel is not available within that time, the right is lost.
*Vietor,* 261 N.W.2d at 831.

Where, as here, an arrestee is awaiting further communication from his or her attorney, in order for the arrestee's right to counsel to be meaningful law enforcement personnel must allow the arrestee such further communication as long as such extended time does not place in jeopardy the termination of the two-hour period specified in section 321J.6(2). We hold there is not substantial record evidence to support the agency finding that appellee was not denied his right to counsel. We reach this result solely on the premise that close to one hour yet remained in the two-hour section 321J.6(2) period. The decision of the district court reversing the DOT's revocation of appellee's driver's license is affirmed.

AFFIRMED.

SACKETT, J., concurs.

OXBERGER, C.J., dissents.

OXBERGER, Chief Judge (dissenting).

I respectfully dissent. I would reverse the trial court's ruling and affirm the department's revocation of plaintiff-appellee's driver's license pursuant to Iowa Code section 321J.9.

I believe the decision in *Ferguson v. Department of Transp.*, 424 N.W.2d 464 (Iowa 1988), to be controlling. The supreme court rejected a "bright line" rule that grants an arrestee two full hours in which to consult with counsel before being required to make the decision whether to consent to, or refuse, chemical testing.

Haun was permitted to speak to counsel. He is not entitled to repeated phone calls to counsel within a two-hour time period.