Gary Dean MOORE, Appellee,

v.

IOWA DEPARTMENT OF TRANSPOR-
TATION, MOTOR VEHICLE DIVI-
SION, Appellant.

No. 90–1713.

Court of Appeals of Iowa.

May 29, 1991.

Bonnie J. Campbell, Atty. Gen., David A. Ferree, Acting Sp. Asst. Atty. Gen., and Mark Hunacek, Asst. Atty. Gen., for appellant.

Gerald B. Feuerhelm, Des Moines, for appellee.

Heard by OXBERGER, C.J., and HAYDEN and HABHAB, JJ.

OXBERGER, Chief Judge.

Gary Moore was arrested in Newton for operating a motor vehicle while intoxicated (OWI). He was taken to the Newton police station where a police officer asked permission to perform a breath test on him. At that point Moore asked to speak to his

attorney in Ankeny. Moore placed a twenty minute telephone call to his attorney. Near the end of the call, Moore and the attorney both told the police officer the attorney was coming to the Newton police station to discuss the testing with Moore in person. The officer responded he would not wait for the attorney to make the forty mile trip to Newton.

Following the telephone call, the officer again requested a breath test. Moore responded he wanted to talk in person with his attorney, who was by then en route to Newton, before agreeing or refusing to give a breath sample. The officer treated this response as a refusal to consent to testing and invoked the implied consent law. The attorney arrived in Newton about thirty-seven minutes before the expiration of the statutory two-hour period for chemical testing. *See* Iowa Code § 321J.6(2) (1989).

The Iowa Department of Transportation (DOT) revoked Moore's driver's license for refusal to consent to chemical testing. Upon judicial review the district court overturned the revocation. Relying on *Short v. Dep't of Transportation,* 447 N.W.2d 576 (Iowa App.1989), the district court summarily held Moore had been denied his right to consult with an attorney before deciding whether to submit to chemical testing.

The State appealed. It contends that under the facts of this case, Moore was not denied his limited right to consult with an attorney before deciding whether to submit to chemical testing.

Because the Iowa Administrative Procedure Act governs this case, our review is limited to the correction of errors at law. *Id.* at 577. As discussed in *Short:*

> In reviewing the district court's decision, we are concerned with whether the district court correctly applied the law. That determination is made by applying the standard of section 17A.19(8) to the agency decision to determine if this court's conclusions are the same as those of the district court. If so, we will affirm. If our conclusions are not in

agreement with those of the district court, we may be required to reverse. *Id.* (citations omitted).

 A person arrested for OWI has a limited statutory right to counsel prior to being required to submit or refuse to chemical testing. *State v. Vietor,* 261 N.W.2d 828, 831 (Iowa 1978). This statutory right also applies to civil revocation proceedings under Iowa's implied consent law. *Id.* The right is limited to circumstances which will not materially interfere with the administration of testing within the two hour time limit imposed by Iowa Code section 321J.6(2) (1989). *Haun v. Crystal,* 462 N.W.2d 304, 306 (Iowa App.1990). Generally the limited right is satisfied if the arrestee is permitted to make a phone call to his or her attorney. *Id.*

 Moore spoke privately with his attorney at least twenty minutes on the telephone. Moore's attorney was a considerable distance from the police station where Moore was being held. The two-hour period during which testing must occur does not mean every arrestee is granted two full hours before he or she must consent to testing.

In *Short* the arrestee (Short) contacted a friend who in turn contacted Short's attorney. The attorney in question lived within five minutes from the police station. Short stated, approximately forty-five minutes before the two-hour time limit ran, he wanted to wait until he spoke with his attorney before submitting to testing. The police officer treated Short's response as a refusal and Short's license was revoked. In *Short* we found the arrestee was not afforded a *reasonable opportunity* to consult with his attorney. *Id.* at 579 (emphasis added). Short did not speak with his attorney at all before he was deemed to have refused to consent to chemical testing. In contrast, Moore spoke privately with his attorney for twenty minutes. Additionally, Moore's attorney was forty miles away from the station and had already spent twenty minutes of the two hour period conferring with his client whereas Short's attorney was five minutes away from the police station.

In *Haun v. Crystal,* 462 N.W.2d 304 (Iowa App.1990), the arrestee (Haun) spoke with his attorney via telephone and when he hung up he said the attorney wanted to check into the situation and would call him back. The police requested that Haun submit to testing immediately after he spoke with his attorney the first time and with over an hour of the two-hour period remaining. Haun's statement, he wanted to wait until his attorney called back before deciding whether to submit to testing, was taken as a refusal and his license was subsequently revoked. In *Haun* we found that in order for an arrestee's right to counsel to be meaningful law enforcement personnel must allow the arrestee further communication as long as such extension does not place in jeopardy the termination of the two-hour period specified in Iowa Code section 321J.6(2). *Id.* at 306.

■ "[O]bjective considerations are used in determining if a good faith request for counsel has been made by the arrestee and if the exercise of that right will unreasonably delay or materially interfere with the taking of the chemical test within the statutory time period." *Ferguson v. Dep't of Transportation,* 424 N.W.2d 464, 466 (Iowa 1988). The *Ferguson* court stated that "ordinarily the statutory right to counsel would be satisfied if the arrestee was allowed to make a phone call to his lawyer." *Id.* (citing *State v. Vietor,* 261 N.W.2d at 831–32).

*Haun* was not an expansion of the right to counsel and should be limited to its facts and the situation in *Short* is distinguishable from this case. Moore was allowed a substantial opportunity to confer with counsel and we will not hold that the right to counsel includes the absolute right to repeated conversations during the two-hour time period for chemical testing or requires officers to await the arrival of attorneys who are not within a short distance from the police station. The following language in *Vietor,* asserting the right to counsel should not be allowed to sabotage the purpose of the statute requiring drivers to submit to chemical testing, supports these limitations:

It is common knowledge that the human body dissipates alcohol rapidly and in-

deed, * * *. If the defendant wishes only to telephone his lawyer or consult with a lawyer present in the stationhouse or immediately available there, no danger of delay is imposed. But, to be sure, there can be no recognition of an absolute right to refuse the test until a lawyer reaches the scene * * *. If the lawyer is not physically present and cannot be reached promptly by telephone or otherwise, the defendant may be required to elect between taking the test and submitting to revocation of his license, without the aid of counsel.

*Id.* (quoting *People v. Gursey,* 22 N.Y.2d 224, 292 N.Y.S.2d 416, 417, 239 N.E.2d 351, 352 (1968)).

■ Iowa Code section 17A.19(8)(f) provides in a contested case the court shall grant relief from an agency decision which is unsupported by substantial evidence made before the agency when that record is viewed as a whole. *Eaton v. Iowa Dept. of Job Service,* 376 N.W.2d 915, 916–17 (Iowa App.1985). Evidence is substantial to support an agency's decision when a reasonable person would find it adequate to reach a conclusion. *Id.* at 917. The question is not whether the evidence might support a different finding but whether the evidence supports the findings actually made. *Henry v. Iowa Dept. of Job Service,* 391 N.W.2d 731, 734 (Iowa App.1986). The fact that two inconsistent conclusions can be drawn from the evidence does not mean that one of those conclusions is unsupported by substantial evidence. *Id.*

We find the agency determination that under the facts of this case Moore was not denied his opportunity to consult with counsel is supported by substantial evidence. Therefore, we reverse the district court's ruling and reinstate the DOT's decision revoking Moore's driving privileges.

REVERSED.