# IN THE COURT OF APPEALS OF IOWA

No. 13-1858
Filed April 22, 2015

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**NICHOLAS D. STEPHENS,**
    Defendant-Appellant.

_____

Appeal from the Iowa District Court for Polk County, Carol L. Coppola (motion to suppress) and Cynthia M. Moisan (trial), District Associate Judges.

A defendant appeals from the ruling of the trial court finding him guilty of operating while intoxicated, second offense.  **AFFIRMED.**

R.A. Bartolomei of Bartolomei & Lange, P.L.C., Des Moines, for appellant.

Thomas J. Miller, Attorney General, Jean C. Pettinger, Assistant Attorney General, John P. Sarcone, County Attorney, and Jordan Roling, Assistant County Attorney, for appellee.

Considered by Vogel, P.J., Doyle, J., and Goodhue, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**GOODHUE, S.J.**

Nicholas D. Stephens appeals from the ruling of the trial court finding him guilty of operating while intoxicated, second offense.

## I. Background Facts and Proceedings

Stephens was arrested on suspicion of operating while intoxicated at approximately 3:19 a.m. the morning of April 14, 2013, and taken to the county jail for testing. Officer Jeremy Christensen, the arresting officer, read the implied consent advisory to Stephens and asked if he wanted to make a telephone call. There was some discussion between the officer and Stephens, and it was apparently agreed that Stephens would call his mother. Stephens supplied the number. The officer placed the call, made sure the phone was ringing, and handed the receiver to Stephens. There was no answer.

There was further discussion about Stephens calling his father or some of his friends, but Stephens apparently did not know the telephone number of any party except his mother, and although he had a cellular phone on his person, the battery was dead. Officer Christianson attempted to revive the cell phone but was unsuccessful.

The officer then suggested Stephens call his mother again and leave a message. The call was made, and Stephens asked the officer for a call-back number, but the officer did not know the number of the Datamaster room where they were located and suggested she could "Google" the jail's phone number.

The officer asked again if he wanted to make more calls, but Stephens answered, "I really don't know anyone's number up here." The officer asked

again, "So nobody else you want to call?" Eventually Stephens answered, "No, I'm good."

The officer then requested a breath test, and Stephens consented. The test results indicated Stephens was intoxicated above the legal limit for operating a motor vehicle.

Stephens filed a motion to suppress contending the breath test was inadmissible on the basis that he was denied the right to make a telephone call after his arrest and before the test was taken as guaranteed by Iowa Code section 804.20 (2013). Specifically, Stephens contended that the officer should have provided a call-back number. The officer testified that the jail had several numbers and he did not know the number of the Datamaster room where they were located. The motion to suppress was overruled.

Stephens waived his right to a jury trial and stipulated to a trial to the court on the minutes attached to the trial information. He was found guilty as charged and sentenced accordingly.

Stephens appeals, contending that the motion to suppress should have been granted because he was denied his right to make a telephone call as provided by statute.

## II. Error Preservation

When a pretrial motion to suppress is denied by the trial court no further objection is necessary to preserve error. *State v. Richards*, 229 N.W.2d 229, 232-33 (Iowa 1975). Error has been preserved, and the State does not contend otherwise.

### III. Scope of Review

Review of statutory construction is for corrections of errors at law. *State v. Walker*, 804 N.W.2d 284, 289 (Iowa 2011).

### IV. Discussion

This matter involves the interplay of the implied consent law (Iowa Code chapter 321J) and the statutory right to counsel as provided by Iowa Code section 804.20. Under the implied consent law, persons operating a motor vehicle in such a manner as to constitute reasonable grounds to believe their blood alcohol content is .08 or higher are deemed to have given their consent to the withdrawal of a bodily substance specimen for testing. Iowa Code § 321J.6. A sample drawn within two hours after the driver was in physical control of the vehicle is presumed to reflect the alcohol concentration at the time of operation. Iowa Code § 321J.2(12)(a). If the person refuses to submit to the testing, the test is not to be given, but the person's operator's license is subject to revocation. Iowa Code § 321J.9(1).

Iowa Code section 804.20 provides:

> Any peace officer or other person having custody of any person or arrested or restrained of the person's liberty for any reason whatever, shall permit that person, without unnecessary delay after arrival at the place of detention, to call, consult, and see a member of the person's family or attorney of the person's choice, or both. Such person shall be permitted to make a reasonable number of telephone calls as may be required to secure an attorney. If a call is made, it shall be made in the presence of the person having custody of the one arrested or restrained.

Before proceeding with a chemical test under the implied-consent statute, a law enforcement officer is not required to advise an arrestee of any right to counsel but is required to honor an arrestee's request to make a call to an

attorney or family member. *State v. Tubbs*, 690 N.W.2d 911, 914 (Iowa 2005). Once the request has been made, the scope of the purpose for the call has been expanded beyond the specific content of the statute to any good-faith purpose. *State v. Garrity*, 765 N.W.2d 592, 596 (Iowa 2009). Once the right to a call is invoked, the custodial officer cannot stand mute and ignore the request, but instead, the officer is obligated to direct the detainee to a telephone and invite the detainee to make a call or make the call himself. *State v. Hicks*, 791 N.W.2d 89, 96-97 (Iowa 2010). A call does not meet the requirements of the statute if the custodial officer is advised that the person called will be calling back or coming to the detention facility in a time comfortably within the two-hour limit and the officer does not wait for the call or visit. *Haun v. Crystal*, 462 N.W.2d 304, 306 (Iowa 1980); *Short v. Iowa Dep't of Transp.*, 447 N.W.2d 576, 578 (Iowa Ct. App. 1989). Presumably, an exception would exist if the call or visit was not forthcoming and the two-hour limit was about to expire. Violations of section 804.20 result in application of the exclusionary rule. *Garrity*, 765 N.W.2d at 597.

Stephens contends that the officer did not tell him who he could call, did not permit or facilitate the call to his friends, and was obligated to provide the call-back number of the detention facility to place on his mother's answering machine. Finally, he contends he was not provided adequate time to make his calls. He notes that a little less than one hour of the two-hour limit had elapsed when the test was taken, and only approximately seven minutes passed after his entry into the Datamaster room until he consented to be tested.

The trial court noted, "[T]he question is less about the number of minutes that have passed and more about what happened during the passage of those

minutes." We agree. The two-hour waiting period does not mean that every detainee is to be given two hours before he or she can consent to testing. *Moore v. Iowa Dep't of Transp.*, 473 N.W.2d 230, 231 (Iowa Ct. App. 1991).

Officer Christensen advised Stephens of his right to make a telephone call to "anybody." When Stephens provided his mother's telephone number, Christensen made the call, made sure the telephone was ringing, and gave the receiver to Stephens. The officer and Stephens discussed calling Stephens's father and other friends, but Stephens gave no telephone numbers or names to the officer. They decided to call Stephens's mother again and leave a message, but the officer was unable to provide a call-back number and did not try to obtain one. The officer asked once again if there was anyone he wanted to call, and Stephens answered, "No, I'm good." The officer could reasonably believe Stephens had given up making any additional calls. Stephens signed the consent, and the test was taken.

If the right to make a call has been invoked but the arrestee is unsuccessful in reaching the party they have attempted to call, the officer is obligated to make additional calls—but only when a further request is made. *Tubbs*, 690 N.W.2d at 914. This is not a situation where the officer knew the call-back number and withheld it; Officer Christensen did not know the correct number. Even if it had been given, any obligation to wait a specified amount of time for a call to be returned without any indication a return call would be made is questionable. Section 804.20 is to be applied in a pragmatic matter, balancing the rights of the arrestee and the goals of the implied-consent statute. *Id.* Here,

compliance with the intent of the two applicable statutes has been achieved.

**AFFIRMED.**

Vogel, P.J., concurs; Doyle, J., dissents.

**DOYLE, J. (dissenting)**

I respectfully dissent. I do not believe Officer Christensen provided a reasonable opportunity for Stephens to contact his mother.

Officer Christensen detained Stephens in the Datamaster room of the Polk County jail. Stephens's cell phone was dead. The jail's landline was his only link to the outside world. Stephens supplied his mother's phone number to Officer Christensen, and the officer placed the call, made sure the phone was ringing, and handed the receiver to Stephens. There was no answer, and the call was ended. The officer tried to revive Stephens's cell phone with a charger. That effort was not successful. The officer suggested Stephens call his mother again on the landline and leave a message. Stephens made the call and asked the officer for a call-back number for the Polk County facility. Officer Christensen, a Johnston police officer, did not know the number. He suggested Stephens's mother could "Google" the jail to obtain the number. Stephens left a message on his mother's voice mail telling her she could "Google" the number for the jail.

Stephens argues Officer Christensen did not meet his affirmative duty to permit and facilitate phone communication between Stephens and his mother because he failed to give Stephens a call-back number for the jail. I agree. The legislature has mandated that law enforcement shall permit a detainee to call a family member or attorney. Iowa Code § 804.20. Once Stephens invoked his section 804.20 rights, Officer Christensen was obligated to provide Stephens with a reasonable opportunity to contact a family member or attorney. *See Hicks*, 791 N.W.2d at 96. In fact, Officer Christensen was required "to take affirmative action to ensure [Stephens's] request for a phone call [was] honored." *Id.* at 97.

The purpose of section 804.20 is to afford detained suspects the opportunity *to communicate* with a family member and attorney. *See id.* at 95. As Stephens points out in his brief, "It is axiomatic that the return caller must have the phone number in order to be able to call back and reach the Defendant/detainee at the place of detention." The failure to provide a call-back number essentially thwarted Stephens's effort to communicate with his mother thereby rendering his 804.20 rights illusory.

I commend Officer Christensen for his affirmative, albeit unsuccessful, effort to revive Stephens's cell phone. And I do not doubt the officer did not know the phone numbers for the jail or the Datamaster room. But it was the officer that selected Stephens's place of detainment and he could have easily obtained a call-back number with very little effort. Imposing a duty to provide a detainee with a call-back number in order to facilitate communication between the detainee and his family members or attorney does not place an undue burden upon law enforcement.

The failure of Officer Christensen to provide a call-back number was as much a denial of Stephens's section 804.20 rights as a denial of outgoing calls. I would therefore reverse the district court's denial of Stephens's motion to suppress and would remand for further proceedings.