# IN THE COURT OF APPEALS OF IOWA

No. 17-0006
Filed January 10, 2018

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**BRETT EDWARD JONES,**
    Defendant-Appellant.

_____

Appeal from the Iowa District Court for Madison County, Richard B. Clogg, Judge.

A defendant appeals his conviction for operating while intoxicated, asserting the court should have granted his motion to suppress the breath test results. **AFFIRMED.**

R.A. Bartolomei of Bartolomei & Lange, P.L.C., Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Thomas E. Bakke, Assistant Attorney General, for appellee.

Considered by Tabor, P.J., Bower, J., and Scott, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2018).

**SCOTT, Senior Judge.**

Following a bench trial, Brett Jones appeals his conviction for operating while intoxicated (OWI), second offense, in violation of Iowa Code section 321J.2 (2016). He asserts on appeal the district court should have granted his motion to suppress the breath test results because implied consent, outlined in section 321J.6(1), was improperly invoked. Because we conclude Jones communicated his refusal of the preliminary breath test (PBT) by his actions and silence, the deputy sheriff properly invoked implied consent, and the district court correctly denied Jones's motion to suppress.

## I. Background Facts and Proceedings.

While on patrol in Truro, Iowa, a Madison County deputy sheriff initiated a traffic stop of Jones's pickup truck after observing him repeatedly squeal his tires and rev his engine. The deputy observed the classic signs of intoxication after making contact with Jones—"He had bloodshot, watery eyes, slurred speech, and smelled of an alcoholic beverage." The deputy also observed an open beer can in the center console of Jones's truck. Jones had a slightly unsteady gait upon leaving his truck, and the deputy observed he had chewing tobacco in his mouth. The deputy instructed him to remove the tobacco, and Jones complied. The deputy then initiated three field sobriety tests, and Jones failed all three tests.

The deputy then advised Jones he had not passed any of the tests and he believed Jones was intoxicated. He advised Jones he would offer Jones a PBT: "I will offer you a PBT, which is a breath test I give you here. Is that something you want to take? It is up to you. You do not have to take it; it is not admissible in court." Jones did not respond for approximately eighteen seconds, and then,

according to the deputy's testimony, Jones got his chewing tobacco out of his pocket. The following exchange took place as Jones put chew in his mouth:

> The deputy: "No chew."
> Jones: "What do you mean no chew?"
> The deputy: "You cannot have anything in your mouth."
> Jones: I've had chew in my mouth the whole f*****g time we've been talking."
> The deputy: "Alright, I'm taking that as a refusal then."
> Jones: "On what?"
> The deputy: "On the chew, because, like I've already told you, you can't."
> Jones: "Can't what."
> The deputy: "Have chew in your mouth."
> Jones: "Why?"
> The deputy: "Because it messes with the test. Alright, that's a refusal on that, then."

After settling on who would take possession of Jones's truck, the deputy handcuffed Jones and transported him to the station, where the deputy invoked implied consent and asked for a sample of Jones's breath. The reason indicated on the form for invoking implied consent was Jones's refusal to submit to the PBT. The Datamaster test indicated Jones's blood alcohol content was .200.

Jones was charged with OWI, second offense. He filed a motion to suppress the result of the Datamaster test, asserting the deputy improperly invoked implied consent because he never refused to take the PBT. After an evidentiary hearing, the district court denied the motion on the basis that implied consent was properly invoked after a lawful arrest. The court found the deputy simply mistakenly forgot to check that basis on the implied consent form. The court summarily denied Jones's motion to reconsider, and Jones waived his right to a jury trial and proceeded to a trial on the minutes. After finding Jones guilty as charged, the court sentenced him to a two-year term of incarceration with all but

seven days suspended. Jones was ordered to successfully complete the OWI Second Program, which would count four days toward the jail sentence, and be supervised on probation for two years. In addition, the statutory fine and surcharges were imposed, and Jones was order to complete a course for "drinking drivers." Jones appeals.

## II. Scope and Standard of Review.

In light of the fact Jones's motion to suppress was based on statutory interpretation, rather than on constitutional principles, our review of the district court's ruling is for the correction of errors at law. *See State v. Lukins*, 846 N.W.2d 902, 906 (Iowa 2014); *State v. Madison*, 785 N.W.2d 706, 707–08 (Iowa 2010).

## III. Implied Consent.

Iowa Code section 321J.6(1) provides a law enforcement officer can invoke implied consent and request a sample of a person's breath, urine, or blood if, among other reasons:

> a. A peace officer has lawfully placed the person under arrest for violation of section 321J.2.
> b. The person has been involved in a motor vehicle accident or collision resulting in personal injury or death.
> c. The person has refused to take a preliminary breath screening test provided by this chapter.
> d. The preliminary breath screening test was administered and it indicated an alcohol concentration equal to or in excess of the level prohibited by section 321J.2.
> e. The preliminary breath screening test was administered to a person operating a commercial motor vehicle as defined in section 321.1 and it indicated an alcohol concentration of 0.04 or more.
> f. The preliminary breath screening test was administered and it indicated an alcohol concentration less than the level prohibited by section 321J.2, and the peace officer has reasonable grounds to believe that the person was under the influence of a controlled substance, a drug other than alcohol, or a combination of alcohol and another drug.

g. The preliminary breath screening test was administered and it indicated an alcohol concentration of .02 or more but less than .08 and the person is under the age of twenty-one.

At issue in this case is paragraph c: "The person has refused to take a preliminary breath screening test provided by this chapter."[1]  Jones maintains the deputy admitted on cross-examination at the motion to suppress hearing that the deputy never asked Jones to submit to the PBT and Jones never refused.  Upon our review of the record, including the deputy's body camera video, we conclude the deputy did ask Jones to take the PBT by stating: "I will offer you a PBT, which is a breath test I give you here.  Is that something you want to take?"  Likewise, we conclude Jones refused to take the PBT by his behavior.

"We objectively consider the statement and conduct of the arrestee and the peace officer, as well as the surrounding circumstances, in determining if an arrestee has refused to submit to a chemical test."  *Short v. Iowa Dep't of Transp.*, 447 N.W.2d 576, 578 (Iowa Ct. App. 1989).

> We have held that anything less than an unqualified, unequivocal consent is a refusal.  *See Swenumson v. Iowa Dep't of Public Safety*, 210 N.W.2d 660 (Iowa 1973) (attempt to stall test until attorney is consulted held to be a refusal); *see also McCrea v. Iowa Dep't of Transp.*, 336 N.W.2d 427 (Iowa 1983) (arrestee's failure to provide specimen after giving verbal consent held to be a refusal); *Taylor v. Iowa Dep't of Transp.*, 260 N.W.2d 521 (Iowa 1977) (lack of cooperation held a refusal); *Morgan v. Iowa Dep't of Public Safety*,

---

[1] While the district court denied the motion to suppress after finding the deputy lawfully placed Jones under arrest, *see* Iowa Code § 321J.6(1)(a), "we are obliged to affirm an appeal where any proper basis appears for a trial court's ruling, even though it is not one upon which the court based its holding" so long as the parties raised the issue in the district court.  *See State v. Maxwell*, 743 N.W.2d 185, 192 (Iowa 2008) (citation omitted).  The State urged the district court to deny the motion to suppress based on the deputy's correct interpretation of Jones's behavior as a refusal of the PBT, and we conclude the appeal can be affirmed on that basis.  We therefore do not address Jones's alternative argument on appeal that the deputy did not lawfully place him under arrest prior to invoking implied consent.

227 N.W.2d 155 (Iowa 1975) (consent to blood test at hospital of arrestee's choice held a refusal).

*Ferguson v. Iowa Dep't of Transp.*, 424 N.W.2d 464, 466 (Iowa 1988), *abrogated on other grounds by State v. Hicks*, 791 N.W.2d 89, 95-96 (Iowa 2010); *see also Welch v. Iowa Dep't of Transp.*, 801 N.W.2d 590, 595 (Iowa 2011) ("Our previous decisions establish that a broad definition of the term 'refusal' is more closely aligned with the legislative intent underlying the implied consent statute. In addition to explicit, unqualified refusals, we have found that failures to cooperate, conditional refusals, conditional assents, consents followed by a failure to provide the requested specimen, and consents followed by combative behavior all constitute refusals within the meaning of sections 321J.6(2) and 321J.9(1)."); *State v. Dulaney,* 493 N.W.2d 787, 789 (Iowa 1992) (holding motorist's lack of response to request for chemical test and subsequent statement to "[g]et your search warrant" was a failure to cooperate amounting to implied refusal); *Scarbrough v. Iowa Dep't of Transp.*, No. 06-1764, 2007 WL 4553629, at *4 (Iowa Ct. App. Dec. 28, 2007) ("In light of the fact that Scarbrough made several attempts to sabotage the results of his chemical breath test, we, like the agency, find Scarbrough's actions constituted a de facto refusal.").

While these cases address the issue of a person's refusal to submit to the chemical test after the implied content procedure had been invoked, we find the cases instructive in determining whether Jones refused to submit to the PBT. While Jones did not articulate a verbal negative response to the deputy's question or shake his head no, Jones's refusal was communicated through his prolonged silence immediately after the deputy's question and by Jones's behavior defying

the deputy's clear instructions not to place chewing tobacco in his mouth "[b]ecause it messes with the test."  Because we conclude Jones refused the PBT, the deputy properly invoked the implied consent procedure based on that refusal, and the district court was correct in denying Jones's motion to suppress the chemical test results.  We affirm Jones's conviction and sentence.

**AFFIRMED.**