Roger L. McCONNELL, Appellant,

v.

IOWA DEPARTMENT OF JOB SERVICE, and Fleur De Lis Motor Inns, Inc., d/b/a Des Moines Hilton Inn, Appellees.

No. 67549.

Supreme Court of Iowa.

Dec. 22, 1982.

Linda S. Pettit, Des Moines, for appellant.

Joseph L. Bervid, Walter F. Maley, and Blair H. Dewey, Des Moines, for appellee Iowa Dept. of Job Service.

Considered by REYNOLDSON, C.J., and UHLENHOPP, McCORMICK, LARSON, and SCHULTZ, JJ.

SCHULTZ, Justice.

This appeal involves review of an Iowa Department of Job Service decision disqualifying Roger L. McConnell from receipt of unemployment benefits because he was discharged for misconduct from his employment with Fleur De Lis Motor Inns, Inc. (Hilton Inn). McConnell contends that the department's decision to deny him unemployment insurance benefits on this basis is not supported by substantial evidence in the record. The department urges that McConnell did not file a timely appeal from the initial determination by the department's claims deputy, and that the department and the courts are without jurisdiction for subsequent review. On judicial review the district court found that it had jurisdiction and affirmed the department's action. We affirm the decision of the district court.

McConnell was employed by Hilton Inn as a custodian and carpet shampooer. During the course of his employment he was told at three private meetings with his boss and twice at staff meetings that his conduct was improper. On March 28, 1980, he was discharged for reading magazines in a restroom during working hours.

McConnell filed a claim for unemployment benefits with the Iowa Department of Job Service and Hilton Inn protested the claim. A claims deputy ruled that he was disqualified for benefits because he was discharged for "loafing on the job." McConnell appealed that decision and a hearing officer dismissed the appeal and denied benefits as the "appeal was not timely." McConnell then appealed that decision to the appeal board. The appeal board ruled that McConnell filed a timely appeal; however, it denied benefits because McConnell was discharged for misconduct. On judicial review the district court ruled that the appeal board ruled correctly on both issues.

I. *Timeliness.* The issue concerning a timely appeal arose from the appeal filed with the department eleven days after the initial determination of the claim by the claims deputy. Iowa Code section 96.6(2) provides that unless an appeal is filed from this decision "within ten calendar days after the notification was mailed ... such decision shall be final." McConnell points out that the tenth day after the initial determination fell on a Sunday and that the appeal was filed on Monday, April 28. He argues that April 28 was within the statutory period for filing an appeal because Iowa Code section 4.1(22) allows an extension of time to Monday when the last day of a prescribed time period falls on a Sunday. In its brief the department ignores the question of the applicability of section 4.1(22) and urges that the appeal was late. It then argues that the initial determination decision was final, and thus the department and the court did not have jurisdiction to hear an appeal. We disagree with the department's contention.

■ Section 4.1 provides rules to be observed in the construction of statutes "unless such construction would be inconsistent with the manifest intent of the general assembly or repugnant to the context of the statute." Subsection 22 of section 4.1 provides that in computing the time prescribed by statute or rule, the first day shall be excluded and the last day included, "unless the last falls on Sunday, in which case the time prescribed shall be extended so as to include the whole of the following Monday . . . ." In the construction of other statutes which contain time limitations we have held subsection 22 applicable. *Kliege v. Iowa Employment Security Commission,* 206 N.W.2d 123, 125 (Iowa 1973) (Iowa Code section 96.6(9) (1971) provided that action must be commenced within ten days. Inasmuch as the tenth day fell on a Sunday the appeal was held properly filed on Monday pursuant to Iowa Code section 4.1(23) (1971) (predecessor of Iowa Code section 4.1(22) (1981) ) ); *Brembry v. Armour & Co.,* 250 Iowa 630, 633–34, 95 N.W.2d 449, 451 (1959) (workmen's compensation statute required action to be commenced in two years; when last day of the two-year period fell on Sunday the limitation period was enlarged to include the following Monday pursuant to the predecessor section to subsection 22); *Bruce v. Pope,* 179 Iowa 1161, 1164, 162 N.W. 797, 798 (1917) (where judgment must be filed within three days and the third day falls on Sunday, computation statute (now subsection 22) must be read together with statute imposing limitation, thus allowing time to file judgment to be extended to Monday). We hold that subsection 22 should be applied to interpret section 96.6(2) in cases where the last day of the time period for filing the appeal falls on Sunday. We hold that Mr. McConnell filed a timely appeal.

■ II. *Substantial evidence.* We will uphold the factual determination of the department if substantial evidence contained in the record supports it. *Walles v. Iowa Employment Security Commission,* 219 N.W.2d 539, 540 (Iowa 1974). "When the facts are in dispute or when reasonable minds may differ on the inferences to be drawn from the evidence, the [department's] findings are conclusive." *Id.* Evidence is substantial when a reasonable mind would accept it as adequate to reach a conclusion. *Ellis v. Iowa Department of Job Service,* 285 N.W.2d 153, 156 (Iowa 1979).

McConnell contends that the department's findings are based on the employer's unproven allegations. Specifically, he urges that there was no proof that he had been loafing or that he had been previously warned. He also argues that the only evidence Hilton Inn offered concerning the reading of magazines in the restroom was hearsay evidence. Our review of the record causes us to disagree.

■ Although much of the evidence was disputed, there was testimony by McConnell's supervisor about McConnell's habitual loafing and about the warnings McConnell received concerning his work performance and his loafing. While he did not personally observe the restroom incident, the supervisor was present when the owner of the Hilton Inn brought McConnell into a staff meeting and accused him of reading magazines in the restroom for a period of fifteen minutes. The supervisor testified to the events and the conversation. Although at the hearing McConnell disputed the details of the restroom incident, he did not deny either the confrontation or the accusations. The department had before it ample evidence to support its findings and was in a good position to determine the credibility of the witnesses and to draw the proper inferences from the testimony.

■ McConnell also contends that the supervisor's testimony concerning the statements of the owner was inadmissible hearsay. We need not decide if this testimony was hearsay because we conclude, whether or not it is hearsay, that it is admissible testimony. Hearings before the unemploy-

ment board or its deputies are conducted in accordance with the rules prescribed in Iowa Code chapter 17A (Iowa Administrative Procedure Act). Iowa Code § 96.6(8) (1981). Section 17A.14(1) provides that a "finding shall be based upon the kind of evidence on which reasonably prudent persons are accustomed to rely for the conduct of their serious affairs, and may be based upon such evidence even if it would be inadmissible in a jury trial." This section conforms with the general rule that administrative agencies are not bound by technical rules of evidence, and that generally hearsay evidence is admissible at administrative hearings. 2 Am.Jur.2d *Administrative Law* § 382 (1962). Indeed, under federal administrative law, hearsay evidence may constitute "substantial evidence." *Richardson v. Perales,* 402 U.S. 389, 410, 91 S.Ct. 1420, 1431, 28 L.Ed.2d 842, 857 (1971).

Assuming that a portion of the evidence was hearsay, we conclude that it was admissible under the prescribed standards of section 17A.14(1). Moreover, the allegedly hearsay evidence merely supplements other evidence in the record so that we can conclude that substantial evidence was introduced which supports the department's decision.

We find no error in the district court decision on judicial review.

AFFIRMED.