514 A.2d 280

Harry Fenstersheib, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs July 23, 1986, to President Judge CRUMLISH, JR., and Senior Judges ROGERS and KALISH, sitting as a panel of three.

*Frank J. Kernan,* for petitioner.

*John W. English, Jr.,* Associate Counsel, with him, *Charles G. Hasson,* Acting Deputy Chief Counsel, for respondent.

OPINION BY SENIOR JUDGE ROGERS, August 27, 1986:

Harry Fenstersheib (claimant) has filed a petition for review of an order of the Unemployment Compensation Board of Review affirming a referee's decision that he was ineligible for benefits because his unemployment was the result of his discharge from work for willful misconduct pursuant to Section 402(e), 43 P.S. §802(e).

Mr. Fenstersheib was discharged from his work as a taxi driver by Yellow Cab Company of Pittsburgh for having negligently caused an accident resulting in $6000 worth of damages to three vehicles. Mr. Fenstersheib claimed that he was not negligent; that the accident precipitated by his backing his cab into another vehicle causing it to collide with a third was caused by the malfunctioning, by jamming, of the accelerator of his employer's cab rendering his brakes, which he applied immediately, ineffective to bring the cab to a stop.

Neither party was represented by counsel at the referee's hearing. The employer's only witness was an in-

surance adjuster whose testimony was founded entirely on what others had told him. This was to the effect that the claimant had a history of accidents and that the company's garage foreman and a mechanic reported that they inspected the cab and found "no reason why the gas pedal would stick." The claimant described the scene of the accident as a cab stand where he was second in a line of waiting cabs and its event as: "I put the car in reverse . . . and the cab just flew through the air." He further testified that he tried to stop by applying the brake but could not.

The referee, whose decision the board affirmed *in toto*, found that the accident was "preventable by the claimant," by which we take it he meant that the claimant failed to exercise reasonable care.

The employer had the burden of proving that the accident was the claimant's fault. Since its only witness's testimony was hearsay and therefore incompetent, the employer failed to carry its burden. "Hearsay evidence, *admitted without objection*, will be given its natural probative effect and may support a finding of the Board, *if it is corroborated by any competent evidence in the record*, but a finding of fact based *solely* on hearsay will not stand." *Walker v. Unemployment Compensation Board of Review*, 27 Pa. Commonwealth Ct. 522, 527, 367 A.2d 366, 370 (1976) (emphasis in original).

In the course of his testimony the claimant remarked, "I couldn't stop the cab. I would have to be going pretty fast to do damage to those three cars. After I hit the car the cab was alright, the gas pedal went back again." The employer cites this testimony as corroborating the insurance adjuster's testimony that the garage foreman and mechanic found no reason why the gas pedal would stick. The purpose of the employer's attempt to prove what the foreman and mechanic reported was, of course, to suggest that there was never

anything wrong with the gas pedal. While the claimant's testimony that the gas pedal "went back again" could corroborate evidence that the pedal was functioning properly after the accident it does not corroborate the suggestion that it was operating properly at the time of the accident; indeed it suggests just the contrary, that the sticking of the pedal was corrected by the accident.

Order reversed.

### ORDER

AND NOW, this 27th day of August, 1986, the order of the Unemployment Compensation Board of Review in the above-captioned matter is reversed.