431 N.W.2d 348 (1988)
Curtiss Franklin BARKER, II, Appellee,
v.
IOWA DEPARTMENT OF TRANSPORTATION, MOTOR VEHICLE DEPARTMENT, Appellant.
No. 87-1698.
Supreme Court of Iowa.
November 23, 1988.
Thomas J. Miller, Atty. Gen., and Merrell M. Peters, Asst. Atty. Gen., for appellant.
David A. Lemanski of Fuerste, Carew, Coyle, Juergens & Sudmeier, P.C., Dubuque, for appellee.
Considered by McGIVERIN, C.J., and HARRIS, LAVORATO, NEUMAN, and SNELL, JJ.
HARRIS, Justice.
The district court reversed an administrative driver's license revocation order, declaring invalid the department's regulation upon which it was based. Although we do so by way of a different analysis, we agree with the conclusion of the district court and affirm.
When arrested for operating while intoxicated, Barker submitted to a breath test on an Intoxilyzer 4011A. The test indicated a blood alcohol content of .108%. The margin of error in the test was crucial because *349 an operator's license can be revoked for persons who operate a motor vehicle at a time when their alcohol concentration is .10 or more. Iowa Code § 321J.12 (1987).[1]
Section 321J.12 provides in part:
The results of a chemical test may not be used as the basis for a revocation of a person's motor vehicle license or nonresident operating privilege if the alcohol concentration indicated by the chemical test minus the established margin of error inherent in the device or method used to conduct the chemical test does not equal an alcohol concentration of .10 or more.
On the basis of the breath test the department revoked Barker's license. The department claims it can revoke the license by applying Iowa administrative code rule 680-7.6(1) (hereinafter rule 7.6). That rule states:
The established margin of error of blood alcohol, urine alcohol, and evidential breath alcohol concentration tests performed under these rules is ± 5% of the test concentration. To calculate a test result minus the established margin of error, multiply the test result by a factor of 0.95 (e.g., 0.105 grams × 0.95 = 0.100 grams). This calculation is not done by the division of criminal investigation criminalistics laboratory or the Intoxilyzer 4011A Instrument or other EBTs.
This case turns on whether the department had authority to promulgate rule 7.6. Barker challenged the rule through administrative process and by way of judicial review. There are two grounds to the challenge. Barker contends (1) the department lacked authority to promulgate the rule, and (2) the rule was arbitrary and capricious. The district court upheld the challenge on the basis of the second ground; we affirm on the basis of the first. We do not reach the second ground.
I. When the district court exercises the power of judicial review conferred by Iowa Code section 17A.19(8), it functions in an appellate capacity to correct errors of law on the part of the agency. In our review we apply the standards of section 17A.19(8) to the agency action to determine whether our conclusions are the same as those of the district court. Teleconnect Co. v. Iowa State Commerce Comm'n, 404 N.W.2d 158, 161-62 (Iowa 1987). In reviewing an agency rule, the court is required to recognize the expertise of an administrative agency, resulting in a reasonable range of informed discretion. Id.
II. At the heart of the dispute is an obvious omission in the statute. It refers to the "established margin of error," without designating one or expressly authorizing the department make the designation. The agency adopted rule 7.6 in the belief that its authority to do so was necessarily implied under these circumstances. The administrative rules review committee thought not.
The administrative rules review committee is a bi-partisan committee of Iowa legislators, organized pursuant to Iowa Code section 17A.8. Its function is to watch over administrative rules and to note those which are promulgated without authority or which are deemed arbitrary and capricious. The condemnation of a rule by that committee has serious consequences. Upon a challenge to a rule disapproved by the administrative rules review committee, the burden shifts to the agency to establish that it "is not unreasonable, arbitrary, capricious or otherwise beyond the authority delegated to [the agency which adopted] it." Iowa Code section 17A.4(4)(a). Iowa-Illinois Gas & Elec. v. Iowa State Commerce Comm'n, 334 N.W.2d 748, 752 (Iowa 1983).
The rule shifting the burden of proof is implicated here. The administrative rules review committee filed an objection to rule 7.6, stating in part:
It is the opinion of the committee that House File 2493 does not contain expressed or implied authority for the department to promulgate a substantive rule establishing a margin of error as a matter of law which is binding on Iowa's *350 courts. If the department wishes to establish a margin of error as a matter of opinion, it may do so by an "interpretive" rule. This type of rule does not need specific statutory authority, but it is not law; such a rule merely expresses the department's opinion and in no way is binding upon a court. These interpretive rules are entitled to "respectful consideration" by a court, but the court is entitled to substitute its own opinion for that of the agency. ARC 6716 has all the appearances of a rule, except for the lack of specific statutory authority. Without that authority it is merely the department's opinion, and should specifically state that fact.
Because no express authority is given to fix the "established margin of error inherent in the device," the department points to its general statutory rule-making power in Iowa Code section 321.4. But the rule here goes further than enforcing or carrying out the laws. As the administrative rules review committee asserted, the rule establishes a standard or measure which would determine as a matter of law which alcohol content would be deemed sufficient for a violation, and which would not. Authority for such a power cannot be implied, especially in view of the burden imposed on the agency because of the objection of the administrative rules review committee.
Authority for the rule does not arise merely because the definition is missing from the statute. Nor does it arise from the department's authority under the statute to approve devices. The authority of the department of public safety to approve devices is far from authority to promulgate a rule establishing a margin of error for the devices it has approved.
We conclude that the department has not met its burden of establishing authority to promulgate rule 7.6.
III. Because the department failed in its burden Barker is entitled to "a reasonable attorney fee." Iowa Code § 17A.4(4)(b). Although the department contends otherwise we do not think the attorney fees should be limited to those incurred in disputing of the department's authority to promulgate the rule. Except for the unauthorized rule, Barker would have incurred no attorney fees in the matter. Upon remand the district court shall fix reasonable attorney fees for the entire action.
AFFIRMED AND REMANDED.
NOTES
[1] Although the original revocation was undertaken pursuant to Iowa Code section 321B.16 (1985), the parties later agreed to proceed under Iowa Code chapter 321J (1987).