Alan William NIEMAN,
Plaintiff–Appellee,

v.

IOWA DEPARTMENT OF TRANSPOR-
TATION, MOTOR VEHICLE
DIVISION, Defendant–Appellant.

No. 89–244.

Court of Appeals of Iowa.

Dec. 21, 1989.

Thomas J. Miller, Atty. Gen., and Ted Metier, Asst. Atty. Gen., for defendant-appellant.

Gary J. Boveia, Waverly, for plaintiff-appellee.

Heard by SCHLEGEL, P.J., and HAYDEN and SACKETT, JJ.

SACKETT, Judge.

Defendant-appellant Iowa Department of Transportation, Motor Vehicle Division, appeals a district court ruling reversing the revocation of plaintiff-appellee Alan William Nieman's driver's license. Appellant contends the district court erred in finding the officer who arrested plaintiff did not have reasonable grounds to believe plaintiff had been operating a motor vehicle while intoxicated, as required by Iowa Code section 321J.12 (1987). We must uphold the agency's decision if there is substantial evidence in the record to support it. Iowa Code § 17A.19(8)(f) (1987). We affirm the district court decision.

Early on the morning of May 1, 1988, Chickasaw County Deputy Sheriff Lance Manson came upon plaintiff's car, parked on the far right side of a gravel road, just off of Highway 18. The parking lights were on and the engine was running. Plaintiff and Virginia Tenge were sitting in the automobile talking. Deputy Manson asked plaintiff to step out of the vehicle and then asked for his license and whether he had been drinking. After plaintiff failed a preliminary breath test, Manson arrested him for violation of Iowa Code section 321J.2, operating a motor vehicle while intoxicated. Plaintiff consented to and failed a chemical breath test. Deputy Manson notified plaintiff that his driving and vehicle registration privileges were revoked for 180 days.

Plaintiff requested a hearing to contest the revocation. Deputy Manson, having been subpoenaed by the defendant, failed to appear at the hearing. The administrative law judge accepted Manson's certified statement, contained on the implied consent form, as evidence of the officer having had reasonable grounds to believe plaintiff was operating while intoxicated. The judge found there was substantial evidence to support revocation of plaintiff's license, and an agency reviewing officer affirmed. The district court reversed the agency action, finding there was not substantial evidence to support revocation, and defendant appealed.

■ Iowa Code section 321J.12 (1987) provides:

Upon certification, subject to penalty for perjury, by the peace officer that there existed reasonable grounds to believe that the person had been operating a motor vehicle in violation of section 321J.2, that there existed one or more of the necessary conditions for chemical testing described in section 321J.6, subsection 1, and that the person submitted to chemical testing and the test results indicated an alcohol concentration as defined in section 321J.1 of .10 or more, the department shall revoke the person's motor vehicle license. . . .

The conditions in section 321J.6(1) are as follows:

a. A peace officer has lawfully placed the person under arrest for violation of section 321J.2.

b. The person has been involved in a motor vehicle accident or collision resulting in personal injury or death.

c. The person has refused to take a preliminary breath screening test provided by this chapter.

d. The preliminary breath screening test was administered and it indicated an alcohol concentration as defined in section 321J.1 of .10 or more.

e. The preliminary breath screening test was administered and it indicated an alcohol concentration of less that .10 and the peace officer has reasonable grounds to believe that the person was under the influence of a drug other than alcohol or a combination of alcohol and another drug.

The evidence must demonstrate that each of the statutory conditions listed in section 321J.12 is present before the defendant is warranted in revoking a driver's license. *Westendorf v. Iowa Dep't of Transp.*, 400 N.W.2d 553, 555 (Iowa 1987). Thus, to revoke a license the defendant must show (1) the officer had reasonable grounds to believe the driver was operating a motor vehicle while intoxicated, (2) at least one of the conditions for testing set forth is section 321J.6(1) was met, (3) the driver submitted to chemical testing, and (4) the test showed an alcohol concentration of .10 or more.

■ The issue facing us in this case is whether the officer had reasonable grounds to believe plaintiff was operating while intoxicated. While the preliminary test showed plaintiff had an impermissible level of alcohol in his blood, that test cannot serve as a basis for finding reasonable grounds. The test results and the finding of reasonable grounds are two separate criteria; both must be satisfied. *See Westendorf*, 400 N.W.2d at 555.

■ Deputy Manson was not present at the hearing to relate the underlying facts that lead to his belief. In lieu of his

testimony, the administrative judge took notice of the implied consent form on which Manson certified he had reasonable grounds to believe plaintiff was operating while intoxicated. While this was hearsay evidence, such evidence is generally admissible in administrative hearings. *McConnell v. Iowa Dep't of Job Serv.*, 327 N.W.2d 234, 237 (Iowa 1982). Plaintiff does not dispute the use of this evidence. Rather, he contends it is not substantial evidence sufficient to support the agency's action. *See* Iowa Code § 17A.19(8)(f) (1987).

The implied consent form at issue here contains the following statement:

> The undersigned peace officer having found reasonable grounds to believe the above named person was operating a motor vehicle in violation of Iowa Code Section 321J.2, having found the condition or conditions specified above, having read the advisory on the back of this form, and having made the above request or requests for a specimen for chemical testing, hereby certifies the person ... submitted to chemical testing which indicated an alcohol concentration of ten hundredths (.10) or more.

Above the officer's signature at the bottom of the form is the following: "I certify under penalty of perjury and pursuant to the laws of the state of Iowa that the preceding is true and correct." Defendant contends the officer's signature on the form containing these statements is sufficient evidence the officer had reasonable grounds to believe plaintiff was operating while intoxicated. We disagree.

Without the officer's testimony as to the facts of the incident, the statement on the consent form is not corroborated by any other evidence. The United States Supreme Court has stated, "Mere uncorroborated hearsay ... does not constitute substantial evidence." *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 230, 59 S.Ct. 206, 217, 83 L.Ed. 126, 140 (1938); *see also TRW–United Greenfield Div. v. NLRB*, 716 F.2d 1391, 1394 (11th Cir.1983) (following *Consolidated Edison*); *Boyle's Famous Corned Beef Co. v. NLRB*, 400 F.2d 154, 169–70 (8th Cir.1968) (finding of unfair

labor practice must be based on more than uncorroborated hearsay). The Court's statement in *Consolidated Edison* has been interpreted not to prohibit reliance on all hearsay evidence, but rather on that which is without sufficient probative force. *See Richardson v. Perales*, 402 U.S. 389, 407, 91 S.Ct. 1420, 1430, 28 L.Ed.2d 842, 856 (1971); *School Bd. v. Department of Health, Educ. & Welfare*, 525 F.2d 900, 905–06 (5th Cir.1976); *see also McConnell*, 327 N.W.2d at 237 ("[U]nder federal administrative law, hearsay evidence may constitute 'substantial evidence.'"). Courts in several states, however, have ruled that uncorroborated hearsay evidence alone cannot constitute substantial evidence in state administrative law proceedings. *See Triple E Produce Corp. v. Agricultural Labor Relations Bd.*, 35 Cal.3d 42, 55, 196 Cal.Rptr. 518, 526, 671 P.2d 1260, 1268 (1983); *Shoup v. Review Bd.*, 399 N.E.2d 771, 774 (Ind.Ct.App.1980); *Credit v. Whitfield*, 488 So.2d 1064, 1066 (La.Ct.App. 1986); *Noxubee County Bd. of Educ. v. Givens*, 481 So.2d 816, 820 (Miss.1985); *Trujillo v. Employment Sec. Comm'n*, 94 N.M. 343, 344, 610 P.2d 747, 748 (1980) (hearsay alone insufficient when substantial right at stake); *Fenstersheib v. Unemployment Compensation Bd. of Review*, 100 Pa.Commw. 122, 124, 514 A.2d 280, 281 (1986); *Goodwin v. Metropolitan Bd. of Health*, 656 S.W.2d 383, 388 (Tenn.Ct.App. 1983); *Village of Menomonee Falls v. Wisconsin Dep't of Natural Resources*, 140 Wis.2d 579, 610, 412 N.W.2d 505, 518 (Wis. Ct.App.1987). *But see Burkhart v. Department of Motor Vehicles*, 124 Cal. App.3d 99, 112, 177 Cal.Rptr. 175, 183 (1981) (sworn statutory report of officer sufficient in driver's license revocation hearing); *Industrial Claims Appeals Office v. Flower Stop Mktg. Corp.*, 782 P.2d 13 (Colo.1989) (hearsay evidence sufficient if reliable and probative, and use not prohibited by statute); *Colorado Dep't of Revenue v. Kirke*, 743 P.2d 16, 21 (Colo.1987) (hearsay alone sufficient in driver's license revocation proceeding); *Embers of Salisbury, Inc. v. Alcoholic Beverages Control Comm'n*, 401 Mass. 526, 517 N.E.2d 830, 832–33 (1988) (hearsay sufficient if reliable

and probative); *Diehsner v. Schenectady City School Dist.*, 152 A.D.2d 796, 543 N.Y.S.2d 576, 577–78 (N.Y.App.Div.1989) (uncorroborated hearsay sufficient to support agency decision if relevant and probative).

We need not choose between the two lines of case law at this time, because the evidence relied on by the agency here would not constitute substantial evidence under either one. We find the hearsay evidence offered in this case, the implied consent form, did not have sufficient probative force to support the agency action. The officer's signature on a preprinted statement was not adequate to show *why* he had reasonable grounds to believe plaintiff was operating while intoxicated. Accepting this signature alone as proof of the officer's having had reasonable grounds amounts to allowing a peace officer to conclusively decide, by signing a form, that his actions were taken within the bounds prescribed by law. Such a legal conclusion cannot be made by one whose actions the statute guides.

Defendant argues the preliminary breath test results show the officer's belief was reasonable. Our supreme court has clearly stated that each of the conditions of section 321J.12, including the officer having had a reasonable belief of intoxication, must be met in order to justify revocation of a license. *Westendorf,* 400 N.W.2d at 555. If test results given after an officer encounters a driver can serve as grounds for the officer's reasonable belief of intoxication, then the "reasonable belief" language is meaningless.

We in no way intend to condone plaintiff's behavior in this case. The record clearly reflects he was operating a motor vehicle while over the legal limit. The legislature, however, has set down a specific procedure to be followed in license revocation cases. Drivers whose licenses have been revoked are entitled to a hearing to ensure this procedure has been properly followed. If the department does not require the submission of evidence, at hearings, to show the facts upon which arresting officers base their actions, the hearings will become merely a "rubber stamp" for the department's actions.

We do not, by this opinion, decide whether uncorroborated hearsay may constitute substantial evidence in another case. We merely find that in this case it does not. Under another factual situation, the evidence obtained at a hearing may well constitute substantial evidence, even without the officer's testimony.

We find the evidence here did not have sufficient probative force to constitute substantial evidence. Because the agency action here was not supported by substantial evidence in the record, the district court decision reversing the license revocation is affirmed.

AFFIRMED.