**Douglas Allen PETERSON, Appellant,**

v.

**IOWA DEPARTMENT OF
TRANSPORTATION,**
**Appellee.**

**No. 92–1822.**

Supreme Court of Iowa.

Nov. 24, 1993.

Edward Bjornstad, Storm Lake, for appellant.

Bonnie J. Campbell, Atty. Gen., David A. Ferree, Sp. Asst. Atty. Gen., and Kerry Anderson, Asst. Atty. Gen., for appellee.

Considered by McGIVERIN, C.J., and LARSON, NEUMAN, ANDREASEN, and TERNUS, JJ.

NEUMAN, Judge.

The Iowa Department of Transportation temporarily revoked appellant Douglas Peterson's driver's license following his arrest for driving while intoxicated. On appeal, Peterson challenges the department's reliance on the arresting officer's sworn statement—in lieu of live testimony—to uphold the revocation. The agency, and the district court on judicial review, found that the error Peterson now claims was not properly preserved for appeal. We affirm.

In December 1991, Peterson was arrested and charged with driving while intoxicated in violation of Iowa Code section 321J.2 (1991). He consented to a chemical test which yielded a blood alcohol concentration of .128. Accordingly the department revoked his driving privileges for one year. *See* Iowa Code § 321J.12.

Peterson subsequently challenged his license revocation in a telephonic hearing before an administrative law judge (ALJ). Neither he nor the arresting officer testified. Peterson offered the testimony of two witnesses, however, to support the only issue contested: whether the trooper observed Peterson for the requisite fifteen minutes prior to administering the intoxilyzer test. *See* Iowa Admin.Code r. 661–7.2 (1991). The record revealed that Peterson was arrested at 12:45 a.m. and the test was administered at 1 a.m. Thus the ALJ refused to rescind the revocation.

On appeal to the department director from the ALJ's ruling, Peterson renewed his challenge to the validity of the intoxilyzer results and added a new claim as well: that the record furnished insufficient proof that the trooper had reasonable grounds to believe Peterson had driven while intoxicated. This factor, a condition precedent to testing under Iowa Code section 321J.6, had been established by the department through the trooper's signed report, offered into evidence without objection from Peterson. Peterson's appeal claimed for the first time that such hearsay, standing alone, could not establish the department's adherence to statutory procedure. The director found that Peterson failed to preserve error on this claim and denied his appeal. The district court affirmed the ruling on judicial review. This appeal followed.

■ I. Department of transportation decisions are subject to judicial review under Iowa Code chapter 17A. Iowa Code § 321J.14. Our review on appeal from the district court is for the correction of errors at law. *Office of Consumer Advocate v. Iowa State Commerce Comm'n,* 465 N.W.2d 280, 281 (Iowa 1991).

II. Iowa Code section 321J.12 governs the conditions under which the department may temporarily revoke the license of a person cited for driving while intoxicated. The statute provides:

> Upon certification, subject to penalty for perjury, by the peace officer [1] that there existed reasonable grounds to believe that the person had been operating a motor vehicle in violation of section 321J.2, [2] that there existed one or more of the necessary conditions for chemical testing described in section 321J.6, subsection 1, and ■ that the person submitted to chemical testing and the test results indicated an alcohol concentration as defined in section 321J.1 of .10 or more, the department shall revoke the person's motor vehicle license....

Iowa Code § 321J.12. Among the "necessary conditions for chemical testing" listed under section 321J.6(1) is proof that "[a] peace officer has lawfully placed the person under arrest for violation of section 321J.2." Iowa Code § 321J.6(1)(a).

■ All three elements of section 321J.12 must be proven before the department is warranted in revoking a license. *Westendorf v. Iowa Dep't of Transp.,* 400 N.W.2d 553, 555 (Iowa 1987). A driver contesting a revocation may challenge only whether the arresting officer had reasonable grounds to believe that the person was operating under the influence and (1) whether the driver refused the test, or (2) whether the test administered resulted in an alcohol concentration of .10 or more. Iowa Code § 321J.13(2)(a), (b). At the hearing, the contestant bears the burden of showing compliance with the implied consent law and the arresting officer's failure to satisfy its procedural requirements. *Mary v. Iowa Dep't of Transp.,* 382 N.W.2d 128, 132 (Iowa 1986); *McCrea v. Iowa Dep't of Transp.,* 336 N.W.2d 427, 429 (Iowa 1983).

■ III. Peterson correctly asserts that a trooper's sworn statement, while generally admissible in administrative proceedings, may—standing alone—lack "sufficient probative force" to support the requisite "reasonable grounds" standard under section 321J.12. *Nieman v. Iowa Dep't of Transp.,* 452 N.W.2d 203, 205 (Iowa App.1989). The dispositive question before us, however, is not whether substantial evidence supports the department's ruling on appeal, but whether Peterson's belated hearsay challenge was correctly rejected by the department director, and the district court, on preservation of error grounds.

Peterson contends that by raising the issue of reasonable grounds at the departmental appeal, he preserved the issue for judicial review. He relies heavily for that contention on our decision in *Chicago & Northwestern Transportation Co. v. Iowa Transportation Regulation Board,* 322 N.W.2d 273 (Iowa 1982). But we believe his reliance on *Chicago & Northwestern* is misplaced.

*Chicago & Northwestern* involved a railroad's challenge to an ordinance limiting the amount of time trains could block municipal intersections. After exhausting its administrative remedies, the railroad sought judicial review. It advanced two arguments before the district court: that the ordinance violated due process and that it was facially unconstitutional. The board countered that the railroad had failed to preserve error on these claims. *Id.* at 276.

On appeal we held that the railroad's due process challenge, first raised in its motion for rehearing before the board, had been properly preserved for review by the district court. *Id.* But we held that the railroad's facial challenge to the ordinance, raised for the first time on judicial review, was not preserved. *Id.*

The key to our dual holdings in *Chicago & Northwestern* lies in our assessment of the board's opportunity to respond to the railroad's challenges. Although the railroad failed to raise its due process challenge at the initial administrative hearing, the board was given an opportunity to answer the claim in response to the application for rehearing. *Id.; accord Office of Consumer Advocate,* 465 N.W.2d at 283 (issue not raised in initial pleading before agency may be preserved for appeal if raised for agency's consideration in motion for rehearing). Thus the principles of fairness and finality underlying the preservation of error doctrine were not violated. By contrast, the board would have been effectively precluded from countering the railroad's facial challenge had the court permitted the issue to be raised for the first time on judicial review. *See Chicago & Northwestern,* 322 N.W.2d at 276.

■ As with the facial challenge raised by the railroad in *Chicago & Northwestern,* the department here had no opportunity to respond to Peterson's belated challenge to the trooper's ground for stopping him. Peterson neither raised that factual issue before the ALJ nor objected when the trooper's sworn statement was tendered in evidence. Had Peterson been permitted to argue lack of reasonable grounds on appeal to the director, the department would not have been permitted to present evidence in rebuttal. *See* Iowa Admin.Code r. 761–620.4(2)(a) (1992) (departmental appeal shall be decided on basis of record made before ALJ, and no additional evidence shall be presented).

Thus the district court correctly ruled that, if Peterson desired to challenge the officer's ground for the investigatory stop, he bore the burden of raising that issue at the initial hearing when his opponent had the opportunity to address it. Fundamental rules of error preservation prevent him from asserting the claim for the first time in a petition for departmental appeal. Because Peterson's belated evidentiary challenge was the only ground for reversal asserted on judicial review, the district court properly dismissed his petition.

**AFFIRMED.**