Gary Richard GASKEY, Appellee,

v.

IOWA DEPARTMENT OF TRANSPOR-
TATION, MOTOR VEHICLE DIVI-
SION, Appellant.

No. 94–514.

Supreme Court of Iowa.

Sept. 20, 1995.

Thomas J. Miller, Attorney General, David
A. Ferree, Special Assistant Attorney Gener-
al, and Mark Hunacek, Assistant Attorney
General, for appellant.

David Scieszinski, Wilton, for appellee.

Considered by McGIVERIN, C.J., and HARRIS, NEUMAN, ANDREASEN, and TERNUS, JJ.

ANDREASEN, Justice.

The Iowa Department of Transportation (DOT) revoked the license of Gary Richard Gaskey after he refused to submit to chemical testing under Iowa's implied consent law. The court of appeals affirmed the district court's reversal of the revocation upon a finding that the DOT decision was not supported by substantial evidence. On further review, we vacate the decision of the court of appeals and reverse the ruling of the district court.

I. *Background.*

█ Gaskey was stopped by Muscatine deputy sheriff Burmiester on August 22, 1993, for operating a motor vehicle while intoxicated in violation of Iowa Code section 321J.2 (1993). Gaskey's license was revoked because he refused to submit to chemical testing under Iowa's implied consent law. Iowa Code § 321J.9. The implied consent law cannot be invoked unless the peace officer first has reasonable grounds to believe the driver was operating a motor vehicle while intoxicated. *Reed v. Iowa Dep't of Transp.,* 478 N.W.2d 844, 846 (Iowa 1991). Iowa Code section 321J.9 provides in part:

> If a person refuses to submit to the chemical testing, a test shall not be given, but the department, upon the receipt of the peace officer's certification, subject to penalty for perjury, that the officer had reasonable grounds to believe the person to have been operating a motor vehicle in violation of section 321J.2, that specified conditions existed for chemical testing pursuant to section 321J.6, and that the person refused to submit to the chemical testing, shall revoke the person's motor vehicle license. . . .

Gaskey challenged his license revocation in a hearing before an Administrative Law Judge (ALJ). Iowa Code §§ 17A.18(3), 321J.13(2). Gaskey, through counsel, argued the DOT failed to show the deputy had reasonable grounds to believe Gaskey was operating a motor vehicle while intoxicated and the deputy failed to follow proper procedures for invoking the implied consent law. Gaskey did not testify or offer testimony at the hearing. The implied consent form, the notice of revocation, the request for hearing, a stay order, a computer printout of Gaskey's driving record, and a copy of the citation issued to Gaskey were admitted by the ALJ as exhibits without objection from either party. Gaskey's attorney used the hearing to point out alleged deficiencies or discrepancies in the completion of the implied consent form, revocation notice, and citation given to Gaskey but offered no evidence on the question of whether the deputy had reasonable grounds to believe Gaskey was operating a motor vehicle while intoxicated.

Deputy Burmiester, who was subpoenaed by the DOT to appear by telephone, was not available at the hearing. The implied consent form, signed by officer Burmiester, certified "under penalty of perjury and pursuant to the laws of the State of Iowa" that he had reasonable grounds to believe Gaskey was operating a motor vehicle while intoxicated, that Gaskey submitted to and failed a preliminary breath screening test, that Gaskey was placed under arrest for violation of Iowa Code section 321J.2, that the officer requested Gaskey to provide a breath specimen, and that Gaskey refused to submit to this chemical testing. The ALJ left the record open to allow the DOT to submit a motion to reopen to offer the deputy's testimony. The DOT, however, did not submit a motion to supplement the record. Consequently, the only evidence available in the record regarding the reasonable grounds issue is the certified implied consent form.

The ALJ found the burden was on Gaskey to prove the peace officer lacked reasonable grounds to believe Gaskey was operating a motor vehicle in violation of Iowa Code section 321J.2. Because Gaskey presented no evidence on that point, he did not meet his burden of proof and the agency's revocation was sustained. The ALJ rejected the argument that *Nieman v. Iowa Department of Transportation,* 452 N.W.2d 203 (Iowa App. 1989), would control. On appeal to the DOT director, the decision of the ALJ was affirmed.

After exhausting his administrative remedies, Gaskey filed a petition for judicial review in district court. Iowa Code § 321J.14. The district court reversed the DOT's decision. The court found the implied consent form was the only evidence on the issue of reasonable grounds, and because the certifying officer failed to testify, the district court, relying on *Nieman,* held the evidence was not sufficiently probative to constitute substantial evidence.

On appeal, the court of appeals affirmed the district court's ruling. The court of appeals held that although Gaskey had the burden of proof regarding compliance with the implied consent law, there must be substantial evidence of the reasonable grounds upon which the deputy invoked the implied· consent law. Stressing the importance of the evidentiary hearing, and citing *Nieman* as authority, the court of appeals concluded the DOT needed "to present some evidence on why the arresting officer had reasonable grounds to believe the driver was under the influence."

In its application for further review, the DOT urges Gaskey offered no evidence on the question of whether the officer had reasonable grounds to believe Gaskey was operating while intoxicated at the time the implied consent procedures were invoked. Therefore, he failed to satisfy his burden of proof as a matter of law. Additionally, the DOT argues the certified implied consent form constitutes substantial evidence supporting the revocation. We granted the DOT's application for further review. *See* Iowa Code § 602.5106(2).

## II.  *Scope of Review.*

DOT revocation decisions are subject to judicial review under the Iowa Administrative Procedure Act. Iowa Code §§ 17A.10, 321J.14. Our review of the DOT's decision is limited to the correction of errors of law as to those issues considered at the administrative hearing. Iowa Code § 17A.19(8)(a); *Furry v. Iowa Dep't of Transp.,* 464 N.W.2d 869, 870 (Iowa 1991).

## III.  *Burden of Proof.*

■ It is well-established the licensee bears the burden of proof in a license revocation proceeding to show compliance with the implied consent law and the peace officer's failure to satisfy the procedural requirements. *Peterson v. Iowa Dep't of Transp.,* 508 N.W.2d 689, 691 (Iowa 1993). This principle was established in *McCrea v. Iowa Department of Transportation,* 336 N.W.2d 427, 429 (Iowa 1983), and has been repeated by this court numerous times. *See, e.g., Furry,* 464 N.W.2d at 872; *Ferguson v. Iowa Dep't of Transp.,* 424 N.W.2d 464, 465 (Iowa 1988); *Downing v. Iowa Dep't of Transp.,* 415 N.W.2d 625, 627 (Iowa 1987); *Westendorf v. Iowa Dep't of Transp.,* 400 N.W.2d 553, 557 (Iowa 1987); *Mary v. Iowa Dep't of Transp.,* 382 N.W.2d 128, 132 (Iowa 1986); *Heidemann v. Sweitzer,* 375 N.W.2d 665, 670 (Iowa 1985). Consequently, a driver contesting a license revocation has the burden to prove why the license should not be revoked. *Reed,* 478 N.W.2d at 846; *Munson v. Iowa Dep't of Transp.,* 513 N.W.2d 722, 723 (Iowa 1994). Here, Gaskey has the burden to prove the deputy lacked reasonable grounds to believe Gaskey was operating a motor vehicle while intoxicated. Gaskey, however, offered no evidence on this issue.

■ When a party challenging an administrative agency action fails to produce supporting evidence to satisfy the party's burden of proof, the agency's decision should be affirmed. *See Office of Consumer Advocate v. Iowa Util. Bd.,* 454 N.W.2d 883, 886 (Iowa 1990) (holding that the burden of proof in a utility rate case is on the party challenging the rates to show that they are unreasonable, "and if the challenger fails to produce evidence that the rate is not just and reasonable, the [agency] should be affirmed even if it produces no evidence of justness or reasonableness").

■ Gaskey failed to present any evidence to show the deputy lacked reasonable grounds to believe Gaskey was operating a motor vehicle while intoxicated. Consequently, we hold that Gaskey failed to satisfy his burden of proof as a matter of law.

## IV. *Substantial Evidence.*

The DOT's revocation decision will be upheld if supported "by substantial evidence in the record made before the agency when that record is viewed as a whole." Iowa Code § 17A.19(8)(f). As summarized in *Reed,* 478 N.W.2d at 846:

Evidence is substantial when a reasonable person could accept it as adequate to reach the same findings. Conversely, evidence is not insubstantial merely because it would have supported contrary inferences. Nor is evidence insubstantial because of the possibility of drawing two inconsistent conclusions from it. The ultimate question is not whether the evidence supports a different finding but whether the evidence supports the findings actually made.

(Citations omitted.)

Generally, hearsay evidence is admissible at administrative hearings and may constitute "substantial evidence." *See McConnell v. Iowa Dep't of Job Serv.,* 327 N.W.2d 234, 237 (Iowa 1982). In contested cases, the agency findings

shall be based upon the kind of evidence on which reasonably prudent persons are accustomed to rely for the conduct of their serious affairs, and may be based upon such evidence even if it would be inadmissible in a jury trial.

Iowa Code § 17A.14(1).

A certified implied consent form, while generally admissible in administrative proceedings, may not always constitute substantial evidence to support the requisite reasonable grounds under the implied consent law. *Peterson,* 508 N.W.2d at 691. If the certified allegations of reasonable grounds are contradicted by other evidence, the sworn statement—standing alone—may not constitute substantial evidence. *Id.* Here, the certified implied consent form is the only evidence offered by either party regarding whether there existed the requisite reasonable grounds. A reasonable person considering a sworn statement that reasonable grounds existed, and finding no contradictory evidence in the record, could certainly conclude that reasonable grounds existed, particularly if the licensee had been given the opportunity to present contrary evidence and failed to do so.

Both the district court and the court of appeals relied on the *Nieman* decision. In *Nieman,* like this case, the peace officer failed to testify and the only evidence presented to support the revocation was a certified implied consent form. *Nieman,* 452 N.W.2d at 204–05. The appellate court recognized the hearsay nature of the implied consent form and found it, alone, did not constitute substantial evidence to sustain the revocation. *Id.* at 206.

An examination of the record in *Nieman,* however, reveals that the licensee testified and offered evidence in opposition to the facts certified by the peace officer. *Nieman* merely stands for the proposition, previously stated, that a certified implied consent form does not always constitute substantial evidence. Furthermore, the *Nieman* opinion itself acknowledges that it is not establishing a per se rule of insubstantiality:

We do not, by this opinion, decide whether uncorroborated hearsay may constitute substantial evidence in another case. We merely find in this case it does not. Under another factual situation, the evidence obtained at a hearing may well constitute substantial evidence, even without the officer's testimony.

*Id.* We hold the officer's certification that there is reasonable grounds to believe Gaskey was operating a motor vehicle in violation of Iowa Code section 321J.2, standing alone, is substantial evidence of the "reasonable grounds" upon which the officer based his action.

The failure to consider the certified implied consent form as substantial evidence would result in an impermissible shifting of the burden of proof to the DOT and would effectively allow a licensee, with the burden of proof, to prevail without offering any evidence at the hearing. This would encourage licensees who have no case at all to request a hearing just in the hope the peace officer would not testify. Any licensee who is fortunate to have the peace officer not show up would prevail even if the licensee could not produce any evidence in support of his or her

position. This would reward the filing of baseless hearing requests and imposes unnecessary burdens on both administrative and judicial tribunals. Furthermore, it would frustrate the statutory objective of removing intoxicated drivers from the road by allowing a defense to license revocation unrelated to the merits of the case.

Accordingly, we vacate the decision of the court of appeals and reverse the judgment of the district court.

**DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT REVERSED.**