**Gregory Alan REED, Appellant,**

v.

**IOWA DEPARTMENT OF TRANSPORTATION,**
**Appellee.**

**No. 95–194.**

Supreme Court of Iowa.

Nov. 22, 1995.

Timothy L. Lapointe and Joseph R. Lapointe of Lapointe & Lapointe, Mason City, for appellant.

Thomas J. Miller, Attorney General, David A. Ferree, Special Assistant Attorney General, and Noel C. Hindt, Assistant Attorney General, for appellee.

Considered by McGIVERIN, C.J., and HARRIS, CARTER, LAVORATO, and SNELL, JJ.

PER CURIAM.

The Iowa Department of Transportation (DOT) revoked the driver's license of Gregory Alan Reed after a chemical test indicated the alcohol concentration in his system exceeded .10. *See* Iowa Code §§ 321J.2, 321J.12 (1993). The district court affirmed the revocation upon a finding that the DOT decision was supported by substantial evidence. We affirm, although on a different ground.

## I. *Background Facts.*

On August 13, 1994, Gregory Reed was arrested for operating a motor vehicle while intoxicated. Reed consented to a breath test, the results of which indicated an alcohol concentration of .203. The DOT revoked Reed's license. *See* Iowa Code § 321J.12.

Reed challenged his license revocation in a hearing before an Administrative Law Judge (ALJ). Iowa Code §§ 17A.18(3), 321J.13(2). Reed offered no evidence. Arresting officer Grant Hillyer testified he had reasonable grounds to believe Reed was operating a motor vehicle in violation of section 321J.2 and that Reed was arrested for operating while intoxicated. Reed declined to cross-examine Hillyer and moved for judgment of acquittal contending there was insufficient evidence for the revocation. Reed's attorney argued the State's failure to show that Reed was operating a motor vehicle satisfied his burden to prove why his license should not be revoked.

The ALJ noted Reed had the burden of proof in the license revocation hearing. The ALJ found Reed had failed to provide anything more than mere speculation that the arresting officer did not have reasonable grounds to believe Reed was operating while intoxicated and sustained the agency revocation. On appeal to the DOT director, the decision of the ALJ was affirmed.

Reed sought judicial review in the district court. The district court placed on the DOT the burden of proving the arresting officer had reasonable grounds to believe the driver

was operating a motor vehicle while intoxicated. The court then concluded that officer Hillyer's uncontroverted testimony, which was admitted without objection, constituted substantial evidence to sustain the revocation.

Reed appeals, contending the DOT failed to meet its initial burden of showing the officer's reasonable grounds for his belief that Reed was operating a motor vehicle in violation of section 321J.2.[1] Reed argues the DOT improperly relied on the arresting officer's conclusory testimony that he had reasonable grounds to believe Reed was operating his motor vehicle while intoxicated. We do not address the issue of the sufficiency of the State's evidence.

## II. *Burden of Proof.*

The licensee bears the burden of proof in a license revocation proceeding to show compliance with the implied consent law and the peace officer's failure to satisfy the procedural requirements. *See Gaskey v. Iowa Dep't of Transp.*, 537 N.W.2d 695 (Iowa 1995), and cases cited therein. The licensee's burden includes the burden to prove the arresting officer lacked reasonable grounds to believe the driver was operating a motor vehicle while intoxicated. *Gaskey*, 537 N.W.2d at 697.

Reed had the burden of proof in this license revocation proceeding. He failed to present any evidence to show that officer Hillyer lacked reasonable grounds to believe Reed was operating a motor vehicle while intoxicated. Reed thus failed to satisfy his burden of proof as a matter of law.

Because Reed failed to satisfy his burden of proof, the district court did not err in sustaining the license revocation. *See Grefe & Sidney v. Watters*, 525 N.W.2d 821, 826 (Iowa 1994) (appellate court is obliged to affirm where any proper basis appears in the record for the district court's judgment, even though it is not one upon which the court based its holding). Although the district court did not have the benefit of our *Gaskey*

---

**1.** Although this contention is not precisely the argument presented to the ALJ, it appears to be how the agency addressed the issue and the

formulation of the issue presented on judicial review.

decision, it erred in placing the burden of proof on the DOT.[2] It need not have addressed, as we do not, the sufficiency of the State's evidence to support the revocation.

We affirm the agency license revocation.

**AFFIRMED.**

**2.** In *Gaskey,* 537 N.W.2d at 698, we explained that *Nieman v. Iowa Department of Transportation,* 452 N.W.2d 203, 205 (Iowa App.1989), merely stands for the proposition that a certified implied consent form does not always constitute substantial evidence. Any statement in *Nieman* suggesting that the burden of proof in a license revocation proceeding is not on the licensee is not controlling.