Gerald BROMELAND, Appellant,

v.

IOWA DEPARTMENT OF TRANSPORTATION, MOTOR VEHICLE DIVISION, Appellee.

No. 96–358.

Supreme Court of Iowa.

April 23, 1997.

Rehearing Denied May 16, 1997.

Mark A. Newman of the Newman Law Office, Forest City, for appellant.

Thomas J. Miller, Attorney General, David A. Ferree, Special Assistant Attorney General, and Mark Hunacek, Assistant Attorney General, for appellee.

Considered by HARRIS, P.J., and LARSON, NEUMAN, SNELL, and ANDREASEN, JJ.

PER CURIAM.

The Iowa Department of Transportation (DOT) revoked Gerald Bromeland's driver's license for his refusal to submit to chemical testing under Iowa Code section 321J.9 (1995). On judicial review, the district court affirmed the revocation. We also affirm on Bromeland's appeal.

I. *Scope of Review*

Our review of a DOT revocation decision is governed by the Iowa Administrative Procedure Act. *Downing v. Iowa Dep't of Transp.*, 415 N.W.2d 625, 627 (Iowa 1987); Iowa Code ch. 17A. Our review is limited; we ask only whether the district court has correctly applied the law. *Downing,* 415 N.W.2d at 627. If, after applying the standards set forth in section 17A.19(8) to the agency decision, our conclusion is the same as that of the district court, we must affirm. *Id.* If our conclusion is to the contrary, reversal may be required. *Id.*

II. *Background Facts and Proceedings*

On April 7, 1995 at approximately 2:10 a.m., Gerald Bromeland was arrested by Buffalo Center police chief Pat Conroy for operating while intoxicated (OWI) in violation of section 321J.2. Bromeland was transported to the county jail. At approximately 2:53 a.m., officer Conroy read Bromeland the implied consent advisory and requested him to either consent or refuse to submit to a breath test. Bromeland refused to take the test until he consulted with his attorney, Rick Potter. The officer located Potter's home telephone number, wrote it down on the operational check list, and dialed the number. He let the phone ring fifteen to twenty times, but no one answered. Officer Conroy asked Bromeland if he wanted to call another attorney, but Bromeland insisted on speaking to Potter because Potter was the only attorney he knew. The officer explained he called the number but no one answered, and offered to look up another attorney's telephone number. Bromeland refused to select another attor-

ney. Officer Conroy invoked implied consent.

Bromeland's driver's license was subsequently revoked pursuant to section 321J.9 as a test refusal. Bromeland appealed the revocation, claiming he was denied his statutory right to counsel under Iowa Code section 804.20 because officer Conroy did not correctly dial Potter's telephone number. An administrative law judge (ALJ) upheld the license revocation based upon Bromeland's refusal to submit to chemical testing. The ALJ determined it was highly unlikely the officer called the wrong number, and Bromeland refused to select another attorney. The agency affirmed the ALJ's proposed decision on administrative appeal.

On judicial review, the district court found insufficient evidence to support the agency's finding that the officer properly dialed the number. It determined, however, that officer Conroy made a good faith effort to contact Bromeland's attorney of choice because any error in dialing the number was unintentional, and that effort complied with the statutory requirements of section 804.20. It also determined Bromeland declined the opportunity to call another attorney. The district court upheld the license revocation.

On appeal, Bromeland applauds the district court's finding that the police chief improperly dialed Potter's number, but challenges the court's creation of a "good-faith" error exception to the statutory right to call counsel. Because substantial evidence reveals that Bromeland was afforded a reasonable opportunity to contact an attorney, we need not address the good-faith issue.

### III. *Statutory Right to Contact Counsel*

■ Bromeland claims he was not afforded his statutory right to contact counsel of his choice prior to deciding whether to consent or refuse chemical testing. If we accept Bromeland's contention, then the revocation of his driver's license was improper. *See Fuller v. Iowa Dep't of Transp.*, 275 N.W.2d 410, 411 (Iowa 1979).

Section 804.20 provides in relevant part:

Any peace officer or other person having custody of any person arrested ... shall permit that person, without unnecessary delay after arrival at the place of detention, to call, consult, and see a member of the person's family or an attorney of the person's choice, or both. Such person shall be permitted to make a reasonable number of telephone calls as may be required to secure an attorney.

In *State v. Vietor*, 261 N.W.2d 828, 832 (Iowa 1978), we held a person arrested for OWI has a limited right to contact an attorney under section 804.20. This limited statutory right also extends to license revocation proceedings under the implied consent law. *Fuller*, 275 N.W.2d at 411. Generally this right to counsel is satisfied by allowing the arrestee to make a telephone call. *Ferguson v. Iowa Dep't of Transp.*, 424 N.W.2d 464, 466 (Iowa 1988); *Short v. Iowa Dep't of Transp.*, 447 N.W.2d 576, 578 (Iowa App. 1989). Additionally, any request for counsel must be made in good faith. *Ferguson*, 424 N.W.2d at 466. Whether the request is made in good faith is determined by an objective consideration of the statements and conduct of the arrestee and peace officer, as well as the surrounding circumstances. *Id.*

■ Section 804.20 does not provide an absolute right to counsel, but requires a peace officer to provide the arrestee with a reasonable opportunity to contact an attorney. Notwithstanding the unsuccessful attempt to contact Potter, officer Conroy afforded Bromeland a reasonable opportunity to contact counsel. He explained to Bromeland that Potter could not be reached and offered to call another attorney. Bromeland refused to select alternative counsel. Bromeland cannot now claim he was denied his statutory right to counsel. We have never interpreted section 804.20 as providing an absolute right to talk to one particular attorney if that person is unavailable or unable to be reached. We decline to do so now. When Potter could not be reached, it was incumbent upon Bromeland to select another attorney.

Because Bromeland was afforded the opportunity to contact an attorney, but declined to do so, the officer reasonably invoked implied consent. The district court was correct in so ruling. We therefore affirm the district

court's judgment upholding the revocation of Bromeland's driver's license.

**AFFIRMED.**