**William Gaines SCOTT, Appellee,**

v.

**IOWA DEPARTMENT OF TRANSPORTATION, MOTOR VEHICLE DIVISION, Appellant.**

No. 98–1741.

Supreme Court of Iowa.

Jan. 20, 2000.

Thomas J. Miller, Attorney General, David A. Ferree, Special Assistant Attorney General, and Mark Hunacek, Assistant Attorney General, for appellant.

Jonathan M. Kimple of the Kimple Law Firm, Dallas Center, for appellee.

Considered by LARSON, P.J., LAVORATO, SNELL, TERNUS, and CADY, JJ.

TERNUS, Justice.

I. The appellee, William Scott, was arrested for operating while intoxicated. *See* Iowa Code § 321J.2 (1997) (defining the offense of operating while intoxicated as operating a motor vehicle "[w]hile having an alcohol concentration as defined in section 321J.1 of .10 or more"). Scott

consented to a breath test, which produced a test result of .106. Based on this test, the appellant, the Iowa Department of Transportation (DOT), revoked Scott's driver's license. *See id.* § 321J.12 (providing that the DOT must revoke the driver's license of a licensee whose chemical test results indicate an alcohol concentration of .10 or more).

Scott challenged the revocation of his driver's license, claiming that, when the margin of error inherent in the intoxilyzer used to test his breath is deducted from the test results, as required by Iowa Code section 321J.12(6),[1] his alcohol concentration falls below the required minimum level of .10. At the administrative hearing on Scott's challenge, Scott offered no proof that the established margin of error would reduce his test result of .106 to .10 or below. Nor did the DOT introduce any evidence of the margin of error for the intoxilyzer unit used for Scott's test. The agency held that Scott bore the burden of proof and, accordingly, ruled that he had failed to establish that the requirements for revocation did not exist.

On judicial review before the district court, the district court concluded that the DOT had the burden of proof to establish that the chemical test results were .10 or more after deducting the established margin of error. Since the DOT had introduced no evidence of the established margin of error, the district court held that the DOT had failed to prove a basis for the revocation. The district court ordered the DOT to cancel its revocation of Scott's driver's license.

■ II. The DOT appeals, contending that the district court erroneously placed the burden of proof on the agency rather than the licensee, contrary to Iowa statutory and case law. Thus, the resolution of

this matter turns on whether the DOT or the licensee bears the burden of proving the margin of error established for the intoxilyzer used to determine the licensee's alcohol concentration.

■ Our review of a DOT revocation decision is governed by chapter 17A, Iowa's Administrative Procedure Act. *See Bromeland v. Iowa Dep't of Transp.*, 562 N.W.2d 624, 625 (Iowa 1997). *See generally* Iowa Code ch. 17A. "[W]e ask only whether the district court has correctly applied the law." *Bromeland*, 562 N.W.2d at 625. Applying the standards for review of agency action found in section 17A.19(8), we determine whether our conclusions are the same as those made by the district court. *See id.* If they are, we affirm. *See id.* If our conclusions are not the same, and we decide the district court has incorrectly applied the law, we must reverse. *See id.*

■ III. A licensee's challenge to the revocation of his or her driver's license is governed by chapter 17A, which provides in part:

> No revocation, suspension, annulment or withdrawal ... of any license is lawful unless ... the licensee was given an opportunity to show, in an evidentiary hearing ..., compliance with all lawful requirements for the retention of the license.

Iowa Code § 17A.18(3). We first interpreted this statute in *McCrea v. Iowa Department of Transportation*, 336 N.W.2d 427 (Iowa 1983). In *McCrea*, the licensee's driver's license was revoked pursuant to Iowa Code section 321B.7 (1981), now Iowa Code section 321J.9. 336 N.W.2d at 428. This statute requires the DOT to revoke the license of any driver who, among other conditions, refuses to submit

---

1. Iowa Code § 321J.12(6) provides:

    The results of a chemical test may not be used as the basis for a revocation of a person's motor vehicle license ... if the alcohol concentration indicated by the chemical test *minus the established margin* of error inherent in the device or method used to conduct the chemical test does not equal an alcohol concentration of .10 or more for violations under section 321J.2....

(Emphasis added.)

to chemical testing. *Id.* The licensee in *McCrea* challenged his revocation. *Id.* After an evidentiary hearing, the agency ruled that the licensee had failed to sustain his burden to prove he had complied with the implied consent law, specifically that he had submitted to chemical testing. *Id.* After the district court reversed the agency's decision, the DOT appealed. *Id.* We held that section 17A.18(3) placed the burden of proof on the licensee at the administrative hearing "to show his compliance with the implied consent law." *Id.* at 429.

We have continued to apply this holding in later cases under varying factual scenarios. *See Reed v. Iowa Dep't of Transp.*, 540 N.W.2d 50, 51 (Iowa 1995) (affirming revocation on the basis that licensee failed to meet his burden of proof "to show compliance with the implied consent law and the peace officer's failure to satisfy the procedural requirements" when licensee argued arresting officer did not have reasonable grounds to believe licensee was operating while intoxicated); *Gaskey v. Iowa Dep't of Transp.*, 537 N.W.2d 695, 697–98 (Iowa 1995) (same); *Peterson v. Iowa Dep't of Transp.*, 508 N.W.2d 689, 691–92 (Iowa 1993) (same); *Mary v. Iowa Dep't of Transp.*, 382 N.W.2d 128, 132 (Iowa 1986) (holding "driver has the burden of proving by a preponderance of the evidence that he had complied with the implied consent law and that the peace officers had not satisfied the procedural requirements thereof" where licensee claimed his consent to blood test was invalid and that he was incapable of consenting). In *Gaskey*, we succinctly stated that "a driver contesting a license revocation has the burden to prove why the license should not be revoked." 537 N.W.2d at 697. We also stated that, "[w]hen a party challenging an administrative agency action fails to produce supporting evidence to satisfy the party's burden of proof, the agency's decision should be affirmed." *Id.*

Scott attempts to distinguish these cases, arguing that his case "is not about his compliance with the law or a challenge

to the testing procedure." We disagree. In addition to the implied consent law's requirement that a driver submit to chemical testing, the law also requires that a person not operate a motor vehicle while intoxicated as a prerequisite for retention of one's license. *See* Iowa Code § 321J.12(1) (providing that, when the test results from a chemical test indicate an alcohol concentration of .10 or more, the DOT shall revoke the person's license). Thus, the burden of proof is on Scott to show at the administrative hearing that he complied with this requirement, in other words, that he did not have an alcohol concentration of .10 or more at the time he operated his vehicle. *See Gordon v. Iowa Dep't of Transp.*, 389 N.W.2d 390, 391–92 (Iowa 1986) (upholding license revocation when licensee failed to present persuasive evidence that the testing machine was malfunctioning to support his challenge to the accuracy of the test results); *Anson v. Iowa Dep't of Transp.*, 477 N.W.2d 695, 697 (Iowa App.1991) ("To successfully challenge intoxilyzer test results, a driver must do more than merely speculate something might have occurred to invalidate those results.... [I]t is neither unreasonable nor unfair to expect [the licensee], who has the burden of proof, to present some evidence to support that claim."). Because a license revocation cannot occur unless a licensee's alcohol concentration is .10 or more, *after subtracting the established margin of error, see* Iowa Code § 321J.12(6), one way in which Scott could show that his alcohol concentration was not .10 or more was to prove that the DOT applied the wrong margin of error or deducted no margin of error. In fact, this was the very challenge made by Scott at the administrative hearing. This challenge is simply another avenue to show "why [his] license should not be revoked." *See Gaskey*, 537 N.W.2d at 697. As we have repeatedly held in our prior cases, the licensee bears the burden of proof on such issues. *See, e.g., id.*

IV. We do not accept Scott's argument that a different conclusion is warranted by

our decision in *Barker v. Iowa Department of Transportation,* 431 N.W.2d 348 (Iowa 1988). In *Barker,* we considered the validity of a DOT rule that set the established margin of error at plus or minus five percent. 431 N.W.2d at 349. We held that the DOT did not have authority to establish by rule "a standard or measure which would determine as a matter of law which alcohol content would be deemed sufficient for a violation, and which would not." *Id.* at 350. This case simply did not address the burden-of-proof issue that is before us in the present case.

 Scott argues, nonetheless, that the court's holding in *Barker* placed the burden on the DOT in each case to determine and deduct the margin of error from the test results before revoking a licensee's driver's license. While that may be true, the DOT's responsibility to subtract the established margin of error from the test results before revoking a driver's license does not affect the licensee's burden of proof under section 17A.18(3) to establish in an administrative challenge to license revocation that the DOT failed to do so.

 V. In conclusion, we hold that, if a licensee claims that his alcohol concentration was not .10 or more as required to support the agency's revocation of his license, then the licensee bears the burden of proof at the administrative hearing to establish that claim. Likewise, if the basis for the licensee's challenge is that the test results, when reduced by the established margin of error, do not meet the threshold level of .10, then the licensee must produce evidence of the established margin of error to prove this claim.

Scott failed to produce such evidence, and therefore, the agency did not err in upholding the DOT's revocation of his license. We disagree with the district court's contrary conclusion. Accordingly, we reverse the district court's decision and remand for entry of an order affirming the DOT's revocation of Scott's driver's license.

**REVERSED AND REMANDED.**